### In re KURTZ.

(District Court, E. D. Pennsylvania. November 23, 1903.)

#### No. 1,587.

1. BANKRUPTCY—REFEREES—CERTIFICATION OF QUESTION—PRACTICE.

 On petition of a creditor to a referee in bankruptcy to certify a question presented, to the judge, the referee's transmission of the creditor's petition for review, the notes of testimony and his own opinion, to the clerk, did not constitute a compliance with Bankr. Rule 27 (89 Fed.

xi), requiring that the referee in such case shall certify to the judge the question presented, with a summary of the evidence relating thereto, and the finding and order of the referee thereon.

**2.** SAME—ASSETS—OWNERSHIP.

Where, at the time of filing a bankruptcy petition, the bankrupt had a bank account standing in his name as manager, amounting to $348.02, and he had been in the habit of depositing receipts from various sources, some belonging to himself and some to others, in such account, for a long period of time, and paying therefrom various items of indebtedness and personal expenses, and, after filing the petition, he expended from such account, for his private purposes, the sum of $270, it would be presumed that the amount so expended was his personal money, and he would be required to pay over such sum to his trustee.

In Bankruptcy.

D. McMullin and Frank R. Savidge, for bankrupt.

Coyle & Keller, for trustee.

J. B. McPHERSON, District Judge. It was charged before the referee that when the bankrupt's petition was filed he had in his possession $348.02, deposited in bank to the credit of "Samuel Kurtz, manager," and that at least $270 thereof was his individual property, which should have been scheduled and turned over to the trustee. The referee was therefore asked to make an order requiring the bankrupt to pay to his trustee the sum thus improperly withheld. Testimony having been taken upon this application, the order was refused after a hearing, and the referee's refusal is before the court for review.

The referee's method of complying with the creditor's request for a certification of the question presented is not to be commended. He did not obey the plain command of rule 27 (89 Fed. xi), which requires him, upon proper petition for a review of any order, "forthwith [to] certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon," but merely transmitted to the clerk the notes of testimony, his own opinion, and the creditor's petition for review. There is no attempt to certify the precise question that was ruled upon, and there is no summary of the evidence relating thereto. Both these provisions are important, and should be carefully observed. The certification of the question prevents disputes among counsel concerning the point presented and decided, and the summary of the evidence is required in order to save the judge the labor of examining what is often a mass of testimony on many different questions, and of extracting so much as may be relevant to the point immediately in hand. The summary may also be valuable as showing what evidence has been considered by the referee before coming to a conclusion. In the present case the absence of the summary is not so important as it might be in others, because all of the testimony has some bearing upon the question before the referee; but I take this occasion to call attention to the rule, with the expectation that it will be obeyed hereafter.

A careful examination of the testimony satisfies me that the order asked for should have been made. The bank account referred to was

125 F.—63

undoubtedly treated by the bankrupt as his individual property, in spite of the fact that it was labeled with his name as "manager," and in spite of the further fact that some of the money that went into it was the income from real estate to which an insurance company, of which he was secretary and manager, held the legal title. Nominally, he was managing the property for the insurance company, but he did what he pleased with the property and its income. During the 10 years of his apparent relation, he never rendered an account, and was never asked for one. The deposit in question contained his own salary, rents from certain houses, proceeds from the sale of gas made by a plant erected upon another part of the real estate, mingled indiscriminately, and apparently not capable of being accurately separated. From this fund he has been paying out money for taxes and repairs, supplies to the gasworks, and his own personal expenses. On the day when he filed his petition in bankruptcy, he had $348.02 in this account. Of this sum, he has spent for his own private purposes $270 since that date, and it is this amount which the court is asked to compel him to restore, upon the theory that this was presumably his individual money, or he would have had no right to spend it for his personal advantage. The evidence satisfies me that this position is well taken, and that the presumption that the bankrupt was not embezzling funds belonging to the insurance company, but was using his own money, has not been rebutted by any evidence that was laid before the referee.

It is accordingly ordered that the bankrupt pay over to his trustee the sum of $270, with interest from March 11, 1903, within 20 days from the filing of this order. Service of a copy thereof to be made immediately.