## ANDREWS, EXECUTRIX, v. PARTRIDGE, TRUSTEE.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 496.   Argued March 13, 1913.—Decided April 28, 1913.

*Burlingham* v. *Crouse*, *ante*, p. 459, and *Everett* v. *Judson*, *ante*, p. 474, followed to effect that under § 70a of the Bankruptcy Act the trustee is only entitled to the cash surrender value of insurance policies on the life of the bankrupt at the time of the filing of the petition and that the bankrupt or his representative is entitled to the balance of

the value thereof, and that the subsequent death of the bankrupt had no effect on this division even though it occurred before adjudication.

191 Fed. Rep. 325, reversed.

THE facts, which involve the construction of § 70a of the Bankruptcy Act and the ownership of policies of insurance on the life of a bankrupt, are stated in the opinion.

Mr. *Samuel H. Richards*, with whom Mr. *Thomas E. French* was on the brief, for petitioner.

Mr. *John D. McMullin*, with whom Mr. *Henry F. Stockwell* was on the brief, for respondent.

MR. JUSTICE DAY delivered the opinion of the court.

Harvey K. Partridge, Trustee in Bankruptcy of Benajah D. Andrews, by petition filed in the United States District Court for the District of New Jersey, sought to acquire the title to the proceeds of certain insurance policies upon the life of Benajah D. Andrews, bankrupt, deceased, a claim to such proceeds having been made by the executrix of Andrews' estate. An order having been entered in the District Court in favor of the executrix, except as to the cash surrender value of the policies, the Circuit Court of Appeals for the Third Circuit, upon a petition to revise, reversed the decree of the District Court and ordered that the proceeds pass entirely to the trustee. 191 Fed. Rep. 325. To review that decree this writ of certiorari was issued.

It appears from the finding of facts by the Circuit Court of Appeals that a petition in involuntary bankruptcy was filed against Andrews on February 3, 1910; that on April 4, 1910, he was adjudicated a bankrupt, and on April 28 of the same year a trustee was elected and qualified. It further appears that Andrews died on February 15, 1910,

having at that time, and at the time of the filing of the petition in bankruptcy, two policies of insurance upon his life; one for $10,000 payable upon his death to his executors, administrators or assigns, and the other for $5,000 payable upon his death to his estate. At the date of filing the petition in bankruptcy the $10,000 policy had a cash surrender value of $14.93 and was subject to a loan of $4,481.39; and the $5,000 policy had a cash surrender value of $100. Under a stipulation between the trustee and the executrix the net proceeds of the two policies were paid to the trustee to be held until the title thereto had been determined.

The District Court decreed that the trustee was entitled to the cash surrender value of the policies as of the date of the filing of the petition, and that the bankrupt estate had no interest in the balance of the proceeds of the policies. The Circuit Court of Appeals also held that the cash surrender value of the policies must be ascertained as of the date of the filing of the petition in bankruptcy. Construing § 70a of the Bankruptcy Act, it decided, however, that the policies passed to the trustee, subject to the right of the bankrupt to pay or secure to the trustee the cash surrender value of the policies and to continue to hold and own them, but that this right was extinguished by his death before adjudication.

This case was argued and submitted at the same time as the cases of *Burlingham* v. *Crouse, ante,* p. 459, and *Everett* v. *Judson, ante,* p. 474. An application of the principles therein laid down requires the reversal of the judgment of the Circuit Court of Appeals, and it is accordingly

*Reversed.*