### In re MALSCHICK & LEVIN.

#### (District Court, E. D. Pennsylvania. June 27, 1913.)

#### No. 3,915.

BANKRUPTCY (§ 228*)—REVIEW—FINDINGS OF REFEREE.

    Orders and proceedings of a referee in bankruptcy are presumed to be correct, unless clearly proved to be erroneous.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Malschick & Levin. On certificate of a referee denying an application of the bankrupts for a rehearing of the proceedings and re-examination. Affirmed.

Wessel & Aarons, of Philadelphia, Pa., for bankrupts.
Julius C. Levi, of Philadelphia, Pa., for trustee.

J. B. McPHERSON, Circuit Judge. The only question raised by this certificate is whether the referee (Richard S. Hunter, Esq.) erred in "not granting the motion of the bankrupts for a rehearing of the proceedings and re-examination of the bankrupts." Manifestly it must often be impossible for the District Court to know what has taken place before the referee. Statements and arguments are often made that do not get upon the record, although they may have been important and may have influenced or even determined the action of the referee. For this and for other reasons the orders and proceedings before a referee are ordinarily presumed to be correct unless they are clearly proved to be erroneous. In the present case the referee distinctly states that the case had been closed, and that he denied the bankrupts' motion on that ground. As I can find nothing in the record to show that this statement is incorrect, I accept it as true and sustain the exercise of the referee's discretion.

The order of April 24, 1913, is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes