## In re LEHFELDT.

### (District Court, D. Montana. September 3, 1915.)

### No. 1113.

BANKRUPTCY ⬅400—EXEMPTION—DECLARATION OF HOMESTEAD.

    A bankrupt, to whom personalty claimed as exempt from the operation of the Bankruptcy Law has been set apart, may thereafter execute and file for record a declaration of homestead, as required by state law, and have the same set apart to her as exempt.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. ⬅400.]

In Bankruptcy. In the matter of Julia Lehfeldt, bankrupt. There was an order allowing the bankrupt to claim exemption of homestead, and a creditor seeks a review. Affirmed.

Nichols & Wilson, of Billings, Mont., for bankrupt.
Johnston & Coleman, of Billings, Mont., for petitioner.

BOURQUIN, District Judge. Originally the bankrupt claimed exemption of only wearing apparel, and it was set apart. Later she executed and filed for record a declaration of homestead, and by order the referee allowed amendment to claim exemption of the homestead, and directed that it be set apart to her. A creditor seeks review.

In principle the case is indistinguishable from In re Mayhew, 218 Fed. 422, 134 C. C. A. 210, to which as the decision of a superior tribunal it is the duty of this court to conform. But it is believed the dissenting opinion in the Mayhew Case, quoting from In re Youngstrom, 153 Fed. 98, 82 C. C. A. 232, is the better doctrine; and diversity of opinion in respect to the question may justify brief reasons for this belief.

Construing the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544), the Supreme Court says the time when the bankruptcy petition is filed is the "line of cleavage with reference to the condition of the bankrupt estate"; that all property then passes to the trustee, but he is then vested with title to only nonexempt property and property to which exemption is waived; that exempt property is that which at the time said petition is filed is not subject to levy and sale under state law; and that all property that at said time is so subject to levy and sale upon judicial process is nonexempt, and title thereto vests in the trustee. Andrews v. Partridge, 228 U. S. 479, 33 Sup. Ct. 570, 57 L. Ed. 929; Railway Co. v. Hall, 229 U. S. 515, 33 Sup. Ct. 885, 57

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. Ed. 1306; Smalley v. Langenour, 196 U. S. 97, 25 Sup. Ct. 216, 49 L. Ed. 400; Security Co. v. Hand, 206 U. S. 425, 27 Sup. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789.

There is nothing in the Bankruptcy Act providing for divestiture of the trustee's title by subsequently created exemptions, or at all, save in the instances of composition and of dower and allowances fixed by state law for widows and children of decedents, in case of the bankrupt's death. If the exemption does not exist when the bankruptcy petition is filed, title to the property vests in the trustee for the benefit of creditors, and its status then controls its disposition throughout, save as last aforesaid. "Expressio unius," etc. Montana's statutes in respect to homesteads are like California's, and provide that a married person or head of a family residing upon premises may convert them into a homestead by executing and filing for record a declaration of homestead, from and after which filing the premises constitute a homestead, exempt from levy and forced sale save in satisfaction of judgments obtained before said declaration was filed and which are liens upon the premises.

Marriage or headship of a family and residence are conditions or qualifications that authorize a homestead exemption to be created by statutory acts, viz., by execution and filing for record a declaration of homestead upon the premises. Although a person is qualified therefor as aforesaid, there is no homestead—no exemption until declaration filed; and the homestead takes effect only from such filing. Vincent v. Vineyard, 24 Mont. 207, 61 Pac. 132, 81 Am. St. Rep. 423. Since in the instant case no declaration of homestead had been filed when the bankrupt petitioned for adjudication, the premises involved were then open to levy and sale under state law, and so were not then exempt. Title then vested in the trustee, creditors' rights then attached thereto, and the subsequent filing of the declaration was impotent to create a homestead exemption, to change the status of the property and the condition of the estate, and to divest the trustee's title to the prejudice of creditors whose rights had theretofore vested. If a homestead exemption can be created by a declaration executed and filed for record subsequent to petition for adjudication, then on principle it ought to be created by marriage or headship of a family and residence subsequent to such petition; for if one indispensable statutory condition or qualification or requirement can be supplied after petition, why not another, or all of them? It is not, as assumed in the Mayhew Case and those cited by it, a mere matter of an exemption existing when petition for adjudication was filed, and thereafter perfected, nor is it simply time and manner of claiming a pre-existing exemption, nor is it merely subsequent determination by the bankruptcy court of claim of pre-existing exemption; but it is a case of creation, after such petition filed, of an exemption not theretofore existing.

In so far as the amendment of 1910 to section 47, Bankruptcy Act,[1] is concerned, it is not perceived that it is material. Certainly, if all the bankrupt's title vested in the trustee by section 70[2] of the act does not serve to prevent subsequent creation of exemptions, the mere lien

---

[1] Comp. St. 1913, § 9631.     [2] Comp. St. 1913, § 9654.

created by said amendment cannot render such service. By the Bankruptcy Act it is property of exempt status when the petition for adjudication is filed, and not property that then might have been, but was not, given such status, that is allowed to the bankrupt; and neither liberality of construction nor the condition of a bankrupt warrants the court to depart from the terms of the act to create for a bankrupt a homestead exemption he was too indolent and neglectful to create, as he easily might have, for himself.

But to conform to the Mayhew Case, as in duty bound, the order of the referee is affirmed.