### In re STERNBURG.

(District Court, D. Massachusetts. March 25, 1918.)

#### No. 24414.

1. BANKRUPTCY ⟨⟩407(3).—DISCHARGE—DENIAL—FAILURE TO KEEP ACCOUNTS.
   Where the failure of a bankrupt to keep accounts during the five or six weeks preceding the appointment of a receiver was a part of his plan to prefer his relatives, and during that time he made preferential payments, but ceased making regular deposits in his bank, though the gross receipts of his business were large, a discharge must be denied.

2. BANKRUPTCY ⟨⟩407(4)—RIGHT TO DISCHARGE—GAMBLING LOSSES AFTER FILING OF PETITION.
   The filing of a petition in bankruptcy, while not divesting the bankrupt of title to his property, constitutes him in effect a trustee for the benefit of his creditors, and though, prior to adjudication, he has power to dispose of his property in the ordinary course of business, it is improper for him to use his funds for gaming.

In Bankruptcy. In the matter of the bankruptcy of Israel Sternburg. On specifications of objections to discharge. Discharge denied.

Jacobs & Jacobs, of Boston, Mass., for petitioners.
Samuel Sigilman, of Boston, Mass., for respondent.

MORTON, District Judge, at the conclusion of the arguments gave judgment orally, in substance as follows:

It is evident that we are dealing here with a bankruptcy which was essentially fraudulent, and the bankrupt's acts and omissions are to be considered with that fact in mind. The failure was carefully prepared for weeks ahead. Up to November 13th there had been deposits of more or less regularity in the bank. Beginning on that date they

entirely ceased, with one exception (said to have been of borrowed money), which was made to meet a note coming due. As to how much money was taken in during the five or six weeks, between that time and the appointment of the receiver on December 29, 1916, there is not a scrap of written evidence, and no evidence at all except the oral testimony of the bankrupt. He was carefully forelaying for bankruptcy during this interval, paying up the notes on which his brothers-in-law had indorsed, giving bonds (which would be avoided by bankruptcy), with them or other relatives as sureties, to dissolve attachments, etc. Although the gross receipts of his business were about $250 a week, and he saw failure ahead, he kept absolutely no accounts of any kind. Even after the petition was filed, he continued to make preferential payments to protect relatives, and to use money which he then had for gambling at cards. The amount so lost was not, on his own statement, large, but it was substantial. See In re Shrimer (D. C.) 228 Fed. 794, 36 Am. Bankr. R. 404.

[1] In spite of the learned referee's finding to the contrary, I cannot escape the conclusion that the failure to keep anything in the way of accounts or memoranda during the important interval just preceding the failure was associated in the bankrupt's mind with his intention to go into bankruptcy in such a way as to advantage his relatives and himself at the expense of his creditors, and was, in part at least, for the purpose of having no statements or accounts which would prove troublesome. See McKibbon v. Haskell, 198 Fed. 639, 117 C. C. A. 343, 28 Am. Bankr. R. 588 (C. C. A. 8th Cir.).

[2] The filing of the petition, while not divesting the bankrupt of title to his property, constitutes him in effect a trustee for the benefit of his creditors from that time until adjudication when that follows. Bailey, Trustee, v. Baker Ice Machine Co., 239 U. S. 268, at 275, 276, 36 Sup. Ct. 50, 60 L. Ed. 275. Granting that he has power to dispose of his property in the ordinary course of business in the interval, and even that he may do so by making preferential payments not tainted with actual fraud (but without so deciding), he certainly has no right to use his property for gambling after the petition is filed, and it seems probable that property so used is fraudulently conveyed within section 14 (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. 1916, § 9598]); but it is unnecessary to decide this point.

The specification of objection based on failure to keep books of account is sustained, and the discharge must be refused.