## In re STUBBLEFIELD.

(District Court, W. D. Texas, Waco Division. March, 1919.)

BANKRUPTCY ⬥444—ORDER OF REFEREE GRANTING DISCHARGE NOT REVIEWABLE.

Where, after entry of an order by a referee recommending discharge, no further action was taken by an objecting creditor by filing a petition for review, as required by General Order 27 (89 Fed. xi, 32 C. C. A. xxvii), and no question or evidence is certified by the referee, there is nothing reviewable by the District Court.

In Bankruptcy. In the matter of George G. Stubblefield, bankrupt. On application for review of order of referee. Dismissed.

G. W. Smith, of Waco, Tex., for petitioning creditors.
Alva Bryan, of Waco, Tex., for bankrupt.

WEST, District Judge. The Cooper Grocery Company, creditor, contested bankrupt's petition for discharge, by specifications of grounds of objection filed with the referee, who, after full hearing, taking voluminous testimony, and careful consideration, held that the specifications in opposition were not sustained by the facts, and recommended that the bankrupt be discharged. The Grocery Company and the bankrupt appeared by attorneys in open court at Waco, Tex., on March 14, 1919, and by oral argument presented the question of the correctness of the ruling of the referee. Upon conclusion, the

court directed that the record be forwarded for further consideration and decision. This record is now before me.

The issue orally made by the Grocery Company was that the referee's order, in failing to sustain its specifications of grounds in opposition to the bankrupt's discharge, and recommending his discharge, was error, and should be reviewed by the court. The attorney for the bankrupt stated to the court that no exceptions had been taken to the referee's order, and no steps taken as required by law, by the creditor, where review is sought. General Order 27 (89 Fed. xi, 32 C. C. A. xxvii) provides that a creditor who desires to review any order made by the referee—

"shall file with the referee his petition therefor setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

The record submitted consists of (1) bankrupt's petition for discharge; (2) order setting down for hearing before referee; (3) publication of notice of hearing; (4) Cooper Grocery Company's original specifications in opposition to discharge; (5) bankrupt's exceptions thereto; (6) amended specifications; (7) stenographic report of testimony of witnesses taken upon the hearing; (8) referee's findings and rulings against the specifications in opposition, and recommending discharge. Consequently it discloses no action taken by the contesting creditor in exception to the order or ruling of the referee looking to its review. (a) There is no petition for review setting forth the error complained of, nor (b) does the referee certify the question presented for review together with a summary of the evidence relating thereto, and his findings and order made thereon, as required by the provisions of General Order 27.

The record discloses that the Grocery Company has not followed its contest beyond the referee's ruling and order recommending discharge. No action subsequent thereto has been taken. This condition necessarily obliges the court to hold that there is no issue of record before it, and no matter of which it has cognizance. Accordingly the record is returned to the clerk, who will notify the parties of the failure of the court to further consider or decide the questions submitted on oral presentation in open court at Waco, above referred to.