## In re PEARLMAN.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 82.

1. **Bankruptcy** ⊜143(12)—**Trustee entitled only to surrender value of life insurance policies at date of filing petition.**

Bankruptcy trustee's right to surrender value of bankrupt's life insurance policies is limited to value thereof when petition was filed.

2. **Bankruptcy** ⊜447—**On reversal of referee's order requiring surrender of property, where there was no answer, issue, report, findings, or opinion, retrial will be granted.**

Though order of referee requiring bankrupt to surrender life insurance policies to trustee, confirmed by District Court, is reversed, where there was no answer, issue, report, findings, or opinion by referee, trustee will be given opportunity to retry case on proper issues.

3. **Bankruptcy** ⊜228—**Petition to review orders of referee in bankruptcy is in substance appeal from bankruptcy court.**

Petition to review order of referee in bankruptcy is in substance an appeal from court of bankruptcy to District Court.

4. **Bankruptcy** ⊜228—**District Court should look solely to referee's certified return in disposing of petition to review (Bankruptcy Act, § 39 [5], being Comp. St. § 9623; General Order XXVII).**

Under Bankruptcy Act, § 39(5), being Comp. St. § 9623, and General Order XXVII, when petition to review is lodged with referee, it becomes his duty to prepare and certify his return, on which alone District Court should dispose of petition.

5. **Bankruptcy** ⊜228—**Inclusion, in referee's return, of colloquy between counsel, is unjustifiable (Bankruptcy Act, § 39 [5], being Comp. St. § 9623; General Order XXVII).**

Under Bankruptcy Act, § 39 (5), being Comp. St. § 9623, and General Order XXVII, inclusion in referee's return of any part of colloquy of counsel in proceeding to require surrender of property is unjustifiable unless it is a concession or stipulation in open court.

6. **Bankruptcy** ⊜228—**Statute held not to authorize inclusion in referee's return of what is not evidence, or relieve referee of duty to supervise return (Bankruptcy Act, § 39 [5], being Comp. St. § 9623).**

Provision of Bankruptcy Act, § 39 (5), being Comp. St. § 9623, allowing parties to stipu-

late as to substance of evidence, does not permit them to include what is not evidence, or relieve referee of duty to supervise return, and excise what should not appear; remedy of dissatisfied party being to apply to District Court to compel fuller return.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Abraham N. Pearlman, bankrupt. On petition of Bertha Pearlman to revise an order in bankruptcy of the District Court, dismissing a petition to review an order of a referee in bankruptcy, and affirming such order. Reversed and remanded.

The trustee filed a petition with the referee, alleging that the bankrupt had taken out three policies of insurance upon his life, of which two had surrender values; that the bankrupt had refused to pay these values, and that his wife claimed the policies as hers; and he prayed a rule nisi against both for their surrender. The referee issued such a rule, on the return day of which the bankrupt and his wife appeared, and a rambling colloquy ensued, at the end of which the bankrupt's wife consented to the jurisdiction of the referee. Without any answer or issues, the wife was sworn, her former evidence, taken under section 21a (Comp. St. § 9605), was put in against her, and the referee announced his decision in open court. Without report, findings, or opinion, he made the rule absolute, directing the bankrupt and his wife to surrender the policies.

These were not put in evidence, and all that appeared was that one had been taken out in 1920, one in 1923, and one in 1924; the last apparently not being involved in the proceeding. The trustee did put in evidence, however, a letter of the insurer saying that neither of the two policies in suit had any cash surrender value on January 2, 1925 (the date of the adjudication), but that they would have on March 9 and April 14, respectively, if the premiums then due were paid. The wife asserted her claim on the ground that she had paid all the premiums but the first, and this the referee overruled. Thereafter he granted a rehearing, but adhered to his first decision.

The wife then filed with the referee a petition to review this order, which the District Court affirmed, and the order of affirmance is now in this court on petition to revise. The referee did not certify any return to the District Court, and so far as appears from the transcript the petition to review was heard upon the stenographer's minutes en bloc, the documentary evidence, and the referee's order.

Arthur Leonard Ross, of New York City, for petitioner.

Israel Akselrod, of New York City, for respondent.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] We have ignored the absence of any proper return to the District Court, the practice being so loose, and have examined the record as best we can. It is destitute of any proof that at the time of adjudication, and a fortiori at the time when the petition was filed, the policies had a surrender value. The time of filing the petition determines the trustee's right (Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. [N. S.] 148, a right itself limited to such surrender value as the policy then has. We cannot speculate as to the probability that the policy, which was four years old, had such a value; the only evidence is that it had not. As the proof stands, the trustee made out no case.

[2] The informality of the proceedings makes it nearly impossible to learn the facts. There was no answer, and so no issue; no report of the referee, and so no findings; and the meandering colloquy of counsel, parties, and referee is extraordinarily confusing. Our decision in Re Sugarman, 3 F.(2d) 436, was disregarded by every one, and the result is to throw much difficulty in the way of any review. While the order must be reversed, in view of the character of the proceedings throughout, the trustee should have an opportunity to retry the case after proper issues have been framed by an answer.

[3, 4] While we have examined the record as though it were regularly before us, the occasion seems to us apt to restate the practice applicable to petitions for review of referees' orders. The proceeding is in substance an appeal from the court of bankruptcy—i. e., the referee—to the District Court. By section 39 (5), being Comp. St. § 9623, it is made the duty of referees to "make up records embodying the evidence, or the substance thereof, * * * together with their findings therein, and transmit them to the judges." General Order XXVII requires the referee to "certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon." When the petition to review is lodged with the referee, it becomes his duty to

prepare and certify his return as above prescribed, and to it alone the District Court should look in disposing of the petition.

[5, 6] We are not disposed to press too hard upon the necessity of a "summary" of the evidence. Crim v. Woodford, 136 F. 34, 68 C. C. A. 584 (C. C. A. 4); In re Taft, 133 F. 511, 66 C. C. A. 385 (C. C. A. 6). But it was wholly unjustifiable to include any part of the colloquy of counsel, unless it is a concession, or stipulation in open court. A frequent practice, as in the case at bar, has been merely to return uncertified the whole of the stenographer's minutes with the referee's order. This is irregular, and actually prevents us from observing the limitations imposed upon our jurisdiction. Section 39 (5), in allowing the parties to stipulate as to the "substance" of the evidence, does not permit them to include what is not evidence at all, or relieve the referee of his duty to supervise the return and excise what should not appear. If the return is not satisfactory to either party, his remedy is to apply to the District Court to compel a fuller return. We trust that the District Courts will insist upon compliance by referees with the provisions of law as above set forth, and refuse to consider petitions unless properly prepared.

Order reversed, and cause remanded to the referee for further proceedings in conformity with this opinion.