In re COOPER'S ESTATE.

District Court, D. Maryland. September 18, 1928.

No. 4873.

Seth, Shehan & Marshall, of Easton, Md., for trustees.

C. Alexander Fairbank, Jr., of Baltimore, Md., for widow of bankrupt.

WILLIAM C. COLEMAN, District Judge. The question here presented is as to the rights of the widow of a bankrupt, and the trustee in bankruptcy, in certain insurance policies issued upon the life of the deceased bankrupt. The matter is at issue upon the petition of the widow and answer of the trustee, asking for an adjudication of their respective rights.

Harvey L. Cooper was adjudicated an involuntary bankrupt on January 19, 1927, and died on October 31, 1927. Among his assets were four life insurance policies, with three of which we are here concerned. The facts as to the values and other material items of these three policies, as of the time of filing the petition for adjudication, January 6, 1927, are covered by stipulation as follows:

(1) A policy for $25,000, payable to the estate of the assured, but reserving to himself the power to change the beneficiary, which he exercised, naming his wife as beneficiary, but also reserving the right to revoke this designation, which, however, was never done. This had a cash surrender value of $4,875.40, against which there is a loan of $3,700, with interest, leaving a net cash surrender value of $1,141.36, and a death value of approximately $21,092.03.

(2) A policy for $3,000, payable to his wife, but reserving the right to change the beneficiary, which was never exercised. This had a cash surrender value of $1,763.-01, less a loan of $1,519, including interest leaving a net cash surrender value of $244.-01 and a death value of approximately $1,-481.

(3) A policy for $2,000, payable to the estate of the assured, but which had been assigned to his wife absolutely. This had a cash surrender value of $1,175.34, less a loan of $1,028.50, including interest, leaving a net cash surrender value of $146.84 and a death value of approximately $971.50.

The rights of a trustee in bankruptcy with respect to life insurance policies of the bankrupt are provided for in section 70a (5) of the act, as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt. * * *

"(5) Property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: Provided, that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets. * * * *"

11 USCA § 110(a)(5).

These provisions have been fully considered by the Supreme Court in a number of cases, and their meaning definitely settled, to the effect that the trustee is entitled to the cash surrender value, but no more, that has become earned and determined at the date of the filing of the bankruptcy petition (whether then payable or payable at a later default or anniversary date) upon all insurance policies on the bankrupt's life not exempt by state law, and payable to the bankrupt, his estate or personal representative, or in which the beneficiary may be changed at the bankrupt's will. Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148; Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Andrews v. Partridge, 228 U. S. 479, 33 S. Ct. 570, 57 L. Ed. 929; Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143.

Such cash surrender value is to be diminished by any outstanding loans on the policies made to the bankrupt. In re Pearlman (C. C. A.) 16 F.(2d) 20; In re Cunningham (D. C.) 15 F.(2d) 700; In re Grant (D. C.) 21 F.(2d) 88.

Therefore it follows, as to the first two policies, that the trustees are entitled

to the net cash surrender value, in each case, but subject to the matter of exemptions hereinafter considered. The third policy, however, was assigned, according to the stipulation, "to Maude M. Cooper, his wife, *absolutely*." In this situation there is nothing which belongs to the estate at the date of the filing of the petition, by virtue of section 70a (5). The trustees, therefore, take nothing under this policy. Burlingham v. Crouse, supra, 228 U. S. page 473, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148; In re Simmons (C. C. A.) 255 F. 521; In re Flanigan (D. C.) 228 F. 339.

This brings us to the final question as to what, if any, exemption the wife may claim by virtue of the Maryland law, as recognized by section 6 of the Bankruptcy Act, which declares:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition." 11 USCA § 24.

To the extent that she may claim exemption, the net cash surrender values are not assets of the estate. Whiting v. Squires (C. C. A.) 6 F.(2d) 100; In re Jones (D. C.) 249 F. 487.

Article 3, section 44, of the Maryland Constitution provides that "laws shall be passed by the General Assembly to protect from execution a reasonable amount of the property of the debtor, not exceeding * * * $500." Article 83, § 8, of the Maryland Code, provides that "one hundred dollars in property, whether the same consists of money, land or goods, of every defendant, as well as all money payable in the nature of insurance, benefit or relief in the contingency or event of sickness, accident, hurt or death of any person, shall be exempt from execution or seizure in satisfaction of debt or claim upon any judgment in any civil proceedings. * * * " Article 45, §§ 8 and 9, exempt the proceeds of insurance for the sole benefit of the wife or assigned to her sole use and benefit.

Judge Rose, in Re Jones, supra, considering these provisions, concluded that article 45 gave no exemption in this situation because the wife had no sole ownership, where the husband reserved the right to change the beneficiary at any time. Article 83, § 8, purporting to exempt *all* money payable in the nature of insurance, he held, must be construed in the light of the consti-

tutional limitation; that is, adopting the familiar canon of statutory construction in favor of constitutionality, the Legislature must be presumed to have acted within the limits laid down, and therefore must have meant "all money" to mean "all money to the extent of $500." He said that at least this natural construction must be followed until the Court of Appeals otherwise rules.

The court has been referred to no later case, nor has it found any, construing this statute or throwing any further light upon the question. But it must be noted that the statute says "all money *payable* in the nature of insurance, benefit or relief in the contingency of *sickness, accident, hurt or death* of any person shall be exempt," etc. By the express provisions of the Bankruptcy Act, as construed by the Supreme Court cases heretofore referred to, the cash surrender value of insurance policies is not so payable; that is to say, it is payable to the trustee solely because of the provisions of section 70a (5) of the act, and not because of sickness, accident, hurt, or death. The trustee becomes vested with the right to it as of the date of adjudication. This right of the trustee is not a right to the policy of insurance, or to any part of it, as such, but is merely a right against the bankrupt to claim a certain amount of money by the payment of which, the bankrupt in effect purchases the right to retain the policy.

What is this money? We have seen that it is not "money payable in the nature of insurance," as that phrase is defined and understood in article 83, § 8, of the Maryland Code. But is it not, nevertheless, "property," as that word is used in the first phrase of the section? The court believes that it is, because that phrase is all-embracing. It includes all "money, land or goods, of every defendant." Therefore it follows that the bankrupt is entitled to the statutory exemption of $100 out of the amount of the cash surrender value which he is required to pay or secure to the trustee, because such sum of money *is* property, regardless of the source from which it may be derived or the purposes to which it is applied.

The court is constrained to adopt this view as being the proper construction to be placed upon article 83, § 8, of the Maryland Code, in its application to the Bankruptcy Act, even though Judge Rose, in his opinion in the Jones Case, reached a different conclusion on a similar state of facts. In the absence of unequivocal language, we

should not say that a statutory provision intended to benefit those dependent upon the insured after his death, by reason of insurance policies on his life, also creates an exemption in favor of the insured during his own lifetime. However, the conclusion here announced is to be taken as confined to the aforegoing article of the Code solely in its relation to the Bankruptcy Act. The court expresses no opinion, because the same becomes unnecessary, with respect to the constitutionality of this statute, because of the apparent conflict of the latter part of it with the provision of the state Constitution above referred to.

In 1925, that is, eight years after the decision of In re Jones, in Whiting v. Squires, 6 F.(2d) 100, the Circuit Court of Appeals for this circuit had before it a case somewhat similar to In re Jones. The North Carolina Constitution exempted personal property of every resident to the extent of $500. It also exempted entirely insurance placed by a husband on his own life for the benefit of his wife and children, and payable to them "in case of the death of the husband." A state statute provided that the beneficiaries of a policy "are entitled to its proceeds against creditors." The court held that the constitutional exemption, "in case of the death," did not cover cash surrender value, since it was not payable on death. As to the statutory provision covering proceeds, it held that it might mean that proceeds covered cash surrender value according to the view taken in some states, or it might not, but that, in view of the constitutional limitation of $500 it should not be taken to mean the former, in the absence of any state court decision, because it would then be unconstitutional.

Thus, in two respects, the case of Whiting v. Squires seems to differ with In re Jones, even though the latter was cited with apparent approval: First, in saying that the exemption "in case of the death" does not cover cash surrender values, it at least casts doubt on In re Jones, which says that a statute exempting "all money payable in the nature of insurance * * * in the contingency or event of * * * death," etc., does cover cash surrender values. In the second place, while In re Jones adopts the view that "all money" can be said to mean "all money to the extent of $500," in view of the constitutional limitation, the Circuit Court of Appeals, in Whiting v. Squires, says that "proceeds" cannot be made to mean "proceeds to the extent of $500." It is to be noted that Judge Rose, as a member of the Circuit Court of Appeals, sat in the later case also; Judge Woods writing the opinion.

The view now adopted seems also to have support in other jurisdictions. For example, in the case of In re Brinson (D. C.) 262 F. 707, the District Court, in construing a Mississippi statute exempting the proceeds of a life insurance policy, not exceeding $5,000, held that cash surrender value was exempt, but upon the ground that the state Supreme Court had held "proceeds" to include cash surrender value, because the statute exempted the whole proceeds or any part of it, whether the value accrues during the life or after the death of the insured. Similarly, in the case of Morgan v. McCaffrey, 286 F. 922, the Circuit Court of Appeals for the Fifth Circuit, construed a Florida statute which provided: "Whenever any person shall die in this state leaving insurance on his life * * * the proceeds thereof shall in no case be liable to attachment," etc. The court said that obviously this did not cover cash surrender value, since such was not an interest arising on death, and the statute intended to deal with such exclusively, and not to create an exemption in favor of the insured during his lifetime.

Upon payment or securing to the trustee the cash surrender values of the policies in accordance with the Bankruptcy Act, less a total exemption of $100, provided, of course, the same has not already been availed of, the petitioner will be entitled to full payment from the insurance companies. A decree in accordance with this opinion will be signed.