### In re STITZER HOTEL CO.

District Court, D. New Jersey. December 18, 1928.

No. 11616.

Bolte & Tripician, of Atlantic City, N. J., for petitioning creditors.

George A. Bourgeois, of Atlantic City, N. J., for alleged bankrupt.

RELLSTAB, District Judge. The involuntary petition in this case alleged but one act of bankruptcy, which was denied by the answer of the alleged bankrupt. On a reference, the referee reported that the company was "a bankrupt as charged." A review of this finding is sought by the filing of exceptions in this court. This method, however, does not conform to General Order in Bankruptcy 27, which controls. In re Clark Coal & Coke Co. (D. C. W. D. Pa.) 173 F. 658; In re Octave Mining Co. (D. C. Ariz.) 212 F. 457.

This order is as follows:

"*Review by Judge.* When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

The foregoing order is based upon the fifth paragraph of section 39 of the Bankruptcy Act, 11 USCA § 67 (a) (5), Cunningham v. German Ins. Bank (C. C. A. 6) 103 F. 932, and was made by the United States Supreme Court under section 30 of the Bankruptcy Act (11 USCA § 53), and is as obligatory on the officers of the court as the act itself, J. B. Orcutt Co. v. Green, 204 U. S. 96, 102, 27 S. Ct. 195, 51 L. Ed. 390; Wilkinson v. Walker (D. C. N. D. Tex., Fort Worth Div.) 292 F. 395, 402, and cases there cited.

The order, it is noted, imposes certain duties upon both the referee and the person seeking to review his findings, viz. the filing of a petition by the aggrieved party with the referee, setting out the error complained of, and the certification by the referee of the questions presented and a summary of the evidence relating thereto; none of which was done in this case. The mere failure on the part of the alleged bankrupt to file a petition for review with the referee would justify the dismissal of the exceptions, as such a petition is essential to jurisdiction.

However, even if this necessary jurisdictional step had been taken, there still exists the failure on the part of the referee to certify a summary of the evidence taken before him, and this also of itself justifies a declination to hear the proposed review. In re Stubblefield (D. C. W. D. Tex., Waco Div.) 260 F. 591. In the particular circumstances of this case the failure to certify such a summary is a peculiarly aggravated one. Considerable of the testimony introduced by the petitioning creditors was challenged at the time it was given. The referee, however, admitted it, saying, in substance, that it was taken subject to the objections. The record does not show that the referee ever gave a definite ruling on these objections. But his report indicates that he considered some of the objected-to testimony inadmissible, for, he states, in connection with his finding of insolvency, that he excluded "what is hearsay or otherwise inadmissible." What was excluded is not shown.

Failing to certify a summary of the evidence, it is impossible to judge of the correctness of his findings without a reading and sifting of all the testimony; a labor on the part of the reviewing court which is one of the purposes sought to be avoided by these regulations. In re Kurtz (D. C. E. D. Pa.) 125 F. 992; Crim v. Woodford (C. C. A. 4) 136 F. 34, 38; In re Marengo County Mercantile Co. (D. C. S. D. Ala. N. D.) 199 F. 474, 477; In re Pearlman (C. C. A. 2) 16 F.(2d) 20, 22. In the last-cited case, the Circuit Court of Appeals stated with emphasis that, on petitions to review, the District Court should insist upon the referee complying with General Order 27 and the other laws regulating reviews, and refuse to consider them, unless that is done.

The declination by this court to entertain this review, as now postured, might well rest on the foregoing reasons, but there are other considerations which suggest themselves, tending to the same end, and which go to the substantial rights of the litigants. A referee in bankruptcy is a court, and an important arm in the disposition of disputes and issues arising in matters of alleged bankruptcies, as well as in the administration of the estates of bankrupts. His determinations of disputed questions of fact, when found and certified in accordance with the statutes, general orders, rules, and specific orders of the court, carry a presumption of correctness until the contrary is shown. In re Hodge (D. C. N. D. N. Y.) 205 F. 824; In re Malschick & Levin (D. C. E. D. Pa.) 206 F. 71; In re Utica Pipe Foundry Co. (D. C. N. D. N. Y.). 221 F. 787. For additional cases to the same effect, see 1 Collier on Bankruptcy (13th Ed.) p. 966, and 8 Remington on Bankruptcy (3d Ed.) p. 36.

If the referee had certified a summary of the evidence, his findings of fact, and the order made thereon, the transcript of the testimony would be no part of the record, in the absence of a challenge that the summary was incorrect, and would not be considered. Cunningham v. German Ins. Bank (C. C. A. 6), supra, 103 F. 932.

While on a review the District Court is called upon to carefully scrutinize the conclusions reached by the referee, yet where the findings are on conflicting testimony, and have a rational basis of support, they will not be disturbed, in the absence of cogent evidence of mistake and miscarriage of justice. In re Charles R. Partridge Lumber Co. (D. C. N. J.) 215 F. 973. A disregard of this salient rule will entail reversal by the Circuit Court of Appeals (Southern Pine Co., etc., v. Savannah Trust Co. (C. C. A. 4) 141 F. 802); whereas nothing but a demonstration that plain mistake has been made will justify a reversal, where both the referee and the District Court have reached the same conclusion on disputed questions of fact, Epstein v. Steinfeld (C. C. A. 3) 210 F. 236; Schmid v. Rosenthal (C. C. A. 3) 230 F. 818; Manson v. Mesirov (C. C. A. 3) 254 F. 799.

Both the successful and unsuccessful litigants before a referee are entitled, as a matter of right, to a compliance with General Order 27 and rule 33 of this court, which deal with the subject here considered. For these reasons, I am constrained to remit the record to the referee, with instructions to strictly comply with these regulations.