## In re MONTGOMERY BROS.
### No. 1077.

District Court, S. D. Mississippi, W. D.
July 11, 1931.

Dabney & Dabney, of Vicksburg, Miss., for petitioner.

Hirsh, Dent & Landau, of Vicksburg, Miss., for respondent.

HOLMES, District Judge.

The referee denied the petition of the trustee in bankruptcy to require the Merchants' National Bank & Trust Company, of Vicksburg, Miss., to pay over to him the sum of $328.18, charged to the checking account of the bankrupts on the books of the bank, and credited on a note due it by the bankrupts after the involuntary petition was filed but before adjudication. The trustee filed a petition to review the order of the referee, and the case is here for determination upon facts free from dispute.

An involuntary petition was filed against the bankrupts on February 13, 1931, at which time, and prior thereto, they were doing business with the above-named bank, owing it large sums of money, both secured and unsecured. After banking hours on February 12, 1931, Montgomery Bros. had on deposit with the defendant $802.35, and the next day, February 13, after all checks presented had been charged off, there was on deposit to their credit the sum of $707.39. The bank knew of the filing of the involuntary petition on the following day, February 14, but continued to pay checks drawn by, and to transact business with, the firm in the ordinary way up to

and including February 21, 1931, when it made the debit entry for interest above mentioned, which resulted in an overdraft of $61.08. In the meantime, that is, on February 17, Montgomery Bros. deposited with the bank the sum of $268.29. On February 28 they filed their answer and schedules and were duly adjudicated bankrupts. The following is a list of checks charged to the account of Montgomery Bros. on and after February 13, 1931:

| Date Cashed. | Amt. | Payee | Check dated. |
|---|---|---|---|
| 2—13—31 | $ 50.00 | D. P. Montgomery | 2—13—31 |
| 2—13—31 | 45.00 | P. P. Montgomery | 2—13—31 |
| 2—14—31 | 3.47 | Miss. Power & Light Co. | ........ |
| 2—14—31 | 5.93 | Vicksburg Candy Co. | 2—12—31 |
| 2—14—31 | 50.00 | Cash | 2—14—31 |
| 2—16—31 | 201.60 | J. W. Parker, County Tax | 2—16—31 |
| 2—16—31 | 4.41 | Standard Oil Co. | 2—14—31 |
| 2—17—31 | 217.38 | City Tax Collector | 2—16—31 |
| 2—18—31 | 1.00 | A. & V. R. R. Co. | 2—16—31 |
| 2—18—31 | 1.12 | Stancil Service Station | 2—12—31 |
| 2—18—31 | 1.12 | Stancil Service Station | 2—12—31 |
| 2—21—31 | 22.50 | Cash | 2—21—31 |
| 2—21—31 | 100.00 | D. P. Montgomery | 2—21—31 |
| 2—21—31 | 100.00 | P. P. Montgomery | 2—21—31 |
| 2—21—31 | 328.18 | Interest Note Charged Acct. | |

The trustee does not claim that the bank acted in bad faith or received any preference prior to the filing of the involuntary petition. Upon the petition to review he concedes to the bank the right of set-off as to the balance of $707.39 when the petition was filed, if it had exercised it, but contends that, having failed to avail itself, in fact, having deprived itself, of that right by permitting the funds to be withdrawn, it cannot offset the deposit made between the filing of the petition and the date of adjudication. On this hearing the trustee is only claiming the sum so deposited of $268.29. The referee says in his certificate that he ignored this deposit because it came after the date on which the right of set-off accrued, and because "the other checks paid by the bank were just as chargeable to this account as to the amount on hand on February 13, 1931."

This ruling disregards the effect the filing of the petition has upon the title to property when an adjudication of bankruptcy thereon subsequently takes place. It is a caveat to all the world, and, in effect, an attachment and injunction. Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 46 L. Ed. 405. While it does not divest the bankrupt of title to his property, it constitutes him in effect a trustee for the benefit of his creditors from that time until adjudication, when that follows. In re Sternburg (D. C.) 249 F. 980. The estate is regarded as in custodia legis from the filing of the petition. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S.

300, 307, 32 S. Ct. 96, 56 L. Ed. 208. The trustee ordinarily takes the status of a lien creditor as of that date. Bailey v. Baker Ice Machine Co., 239 U. S. 275, 276, 36 S. Ct. 50, 60 L. Ed. 275. The trustee takes title to the surrender value of a life insurance policy as of the date of the filing. Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148. The bankrupt is entitled to the policy by paying the cash surrender value, or the excess thereof over loans, as of that date. His subsequent death, or the maturity of the policy, before adjudication does not affect the division which was fixed as of the time at which the petition was filed. Andrews v. Partridge, 228 U. S. 479, 33 S. Ct. 570, 57 L. Ed. 929. In short, the property which vests in the trustee upon adjudication is that which the bankrupt owned at the time of the filing of the petition. The purpose of the law was to fix the line of cleavage with reference to the condition of the bankrupt estate as of the time at which the petition was filed. Everett v. Judson, 228 U. S. 474, 479, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154. Provable debts are those absolutely owing when the petition is filed. Section 63, Bankruptcy Act (11 USCA § 103). The forms prescribed for provable debts all declare that the indebtedness existed at and before the filing. Forms 31 to 36, inclusive (172 U. S. Appendix [11 USCA § 53]). The discharge, when granted, relates to the filing of the petition, and an obligation incurred afterwards but before discharge is not included in it. Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676.

Section 68 of the Bankruptcy Act (11 USCA § 108) provides for set-offs in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor. It says the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid. Subdivision b (11 USCA § 108 (b) imposes certain specific limitations, notably among which is that a set-off shall not be allowed which was purchased or transferred after the filing of the petition.

The section did not create the right of set-off, but recognized its existence and provided a method by which it could be enforced even after bankruptcy. It is "grounded on the absurdity of making A pay B when B owes A." If it has been exercised by the parties before the petition is filed, there is no necessity of the trustee doing so. If not, then, under command of the statute, it must

be done by the trustee. Studley v. Boylston Bank, 229 U. S. 523, 33 S. Ct. 806, 57 L. Ed. 1313. A deposit of money upon general account with a bank creates the relation of debtor and creditor, and in the absence of fraud or collusion amounting to a preferential transfer may be the subject of a counterclaim or set-off the same as any ordinary debt. New York County National Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380.

Although section 68 says "the account shall be stated," it does not expressly name the time when it shall be done, which often becomes a matter of first importance in a case such as this where there is a substantial interval of time between the filing of the petition and the adjudication. We have noted in subsection b that a set-off or counterclaim shall not be allowed which was purchased or transferred after the filing of the petition. We have observed that the section did not create the right, but protected it "if the petition is filed before the parties have themselves" exercised it. Studley v. Boylston Bank, 229 U. S. 523, 529, 33 S. Ct. 806, 808, 57 L. Ed. 1313. From what has gone before we have concluded that the filing of the petition is the crucial time in nearly all matters arising in bankruptcy proceedings, provided adjudication follows. See, also, section 1 a (10) of the Bankruptcy Act (11 USCA § 1 (10); Sexton v. Dreyfus, 219 U. S. 339, 345, 31 S. Ct. 256, 55 L. Ed. 244.

From all of which it is logically deduced that wherever a proper set-off or counterclaim is allowable under the statute it is the duty of the trustee to state the account and set off one debt against the other as of the date of the filing of the petition. Collier on Bankruptcy (13th Ed.) vol. 2, p. 1610, par. f.

In this case the amount of $268.29 deposited with the bank on February 17, 1931, belongs to the trustee, and is not the subject of set-off, because before the bankrupt deposited it the petition in bankruptcy had already been filed and had become operative as a caveat to all the world. Toof v. City National Bank (C. C. A. 6th Cir.) 206 F. 250, 30 A. B. R. 79.

In a similar case the Circuit Court of Appeals of the Fifth Circuit said:

"The case presented is that of a creditor getting possession of funds of the bankrupt after the petition against him was filed, and setting up a claim of right to apply such sum to the bankrupt's debt to it. * * * There was no color of right in the bank to retain funds received and kept under such circumstances. The bank was incapable of acquiring an adverse claim upon funds received from the bankrupt after the petition against him was filed. The claim could not be regarded as an adverse one, existing when the petition in bankruptcy was filed, as the subject of it was in the bankrupt's possession thereafter, and the bank's claim was one that could not be made until it acquired possession.

"The trustee seeks an order requiring the delivery to him of assets of the bankrupt which were in the latter's possession, subject to no lien, after the petition in bankruptcy was filed. A plenary suit is not necessary in such case. The delivery to the trustee of the bankrupt's property so acquired and held after the court's control of it attached may be ordered in a summary proceeding." Reed v. Barnett National Bank, 250 F. 983, 984, 985.

Other authorities are to the same effect. In re Michaelis & Lindeman (D. C.) 196 F. 718, holds that the mutual accounts between a bankrupt and his bank of deposit are closed by operation of law at the time the petition is filed, and no right of set-off exists in the bank as to deposits made after that time, even though neither party knew of the filing of the petition when the deposit was made. In Bramham v. Lanier Bros., 138 Tenn. 702, 200 S. W. 830, 41 A. B. R. 215, it is held that for the purpose of testing rights upon liquidation the time of the filing of the petition is the proper date, and a creditor's right to a set-off or counterclaim is determined as of that date. There seems to be no authority to the contrary, at least none has been cited by any one upon this hearing.

Accordingly, the decision of the referee is reversed, and the matter again referred to him for further proceedings not inconsistent with this opinion.