## In re SHIFF.

District Court, D. New Jersey.

Jan. 20, 1941.

Gabriel Kirzenbaum, of New Brunswick, N. J., for bankrupt.

Herbert A. Kuvin, of Springfield, N. J., for trustee.

FORMAN, District Judge.

This case comes before this court on a petition for review of an order of the Referee denying a discharge in bankruptcy based upon the following specification of objection to such a discharge: "The said bankrupt [Morris Shiff] destroyed, mutilated, falsified, concealed and failed to keep or preserve books of accounts or records from which his financial condition and business transactions might be ascertained and especially with reference to his business affairs prior to his transfer of all his assets to the corporation, M. Shiff & Sons."

The Referee's summation of facts pertinent to this issue reveals the following: The bankrupt, Morris Shiff, and his successor were engaged in the wholesale fruit and produce business. He was adjudicated a bankrupt in this proceeding on November 22, 1938. He had previously been adjudicated a bankrupt on August 26, 1932. In the schedules accompanying the petition in bankruptcy in 1932, the bankrupt stated that he kept check books, check vouchers and a ledger. Between 1932 and 1935 the bankrupt continued in business. This was practically on a cash basis, and his bank account in 1935 to the date it was closed on November 23, 1935 ranged between $400 and $1,800. In addition to bank records of his business, his son, Nathan Shiff, kept what records he had, but no ledger was kept during this period. Payment for goods purchased was made weekly by check and the invoices therefor were destroyed. The bankrupt discovered that his books had been stored in the attic of his home, and had been burned by his wife pursuant to an order of the local fire inspector that the attic be cleared. In 1935 the bankrupt transferred his business to his sons who formed a corporation which employed the bankrupt at a salary of $15 a week.

The Referee concluded that the bankrupt's business between 1932 and 1935 was not wholly a cash business, and that although he maintained books during that period they were not produced. His failure to produce was explained by conflicting reasons; namely, he destroyed one of the books when the business was transferred to his sons, he had *no* books as late as October, 1937, they having been destroyed as early as 1935, and the books were destroyed by his wife after the order of the fire department in April, 1938. From these facts the Referee determined that the bankrupt was negligent in the preservation of his records, that his statements were so contradictory that he could not be believed, and that his discharge should be denied.

 The purpose of the Referee's summation of evidence accompanying the certificate on petition for review as authorized by Sec. 39, sub. a(8) of the Bankruptcy Act of 1938, 11 U.S.C.A. § 67, sub. a(8), which displaced General Order 27, 11 U.S.C.A. following section 53, promulgated by the Supreme Court, was to relieve this court of the burdensome task of sifting the entire testimony adduced before the Referee. Crim v. Woodford, 4 Cir., 136 F. 34, 38. If any party be dissatisfied with this summation, timely objections should be made and amendments proposed. In re Burntside Lodge, D.C., 7 F.Supp. 785.

 The following pertinent facts were expressed by this court in the case of In re Stitzer Hotel Co., 29 F.2d 571, 573, and indicate the Referee's judicial status, and the weight to be accorded his determinations:

"A referee in bankruptcy is a court, and an important arm in the disposition of disputes and issues arising in matters of alleged bankruptcies, as well as in the administration of the estates of bankrupts. His determinations of disputed questions of fact, when found and certified in accordance with the statutes, general orders, rules, and specific orders of the court, carry a presumption of correctness until the contrary is shown. In re Hodge (D.C.N. D.N.Y.) 205 F. 824; In re Malschick & Levin (D.E.E.D.Pa.) 206 F. 71; In re Utica Pipe Foundry Co. (D.C.N.D.N.Y.) 221 F. 787. For additional cases to the same effect, see 1 Collier on Bankruptcy (13th Ed.) p. 966, and 8 Remington on Bankruptcy (3d Ed.) p. 36.

"If the referee had certified a summary of the evidence, his findings of fact, and the order made thereon, the transcript of the testimony would be no part of the record, in the absence of a challenge that the

summary was incorrect, and would not be considered. Cunningham v. German Ins. Bank, supra [6 Cir.] 103 F. 932.

"While on a review the District Court is called upon to carefully scrutinize the conclusions reached by the referee, yet where the findings are on conflicting testimony, and have a rational basis of support, they will not be disturbed, in the absence of cogent evidence of mistake and miscarriage of justice. In re Charles R. Partridge Lumber Co. (D.C.N.J.) 215 F. 973."

The petitioner has not objected to the Referee's summation of facts, and we may assume the facts to be as reported by him. Aside from this assumption, we have made our own examination of the testimony, and find his summation is fully supported. The problem before us is precisely the same problem with which the Referee was confronted. This petition is not supported with any matter tending to show an erroneous decision below. We are only asked to disagree with the Referee's decision which was based upon his interpretation of the evidence.

Manifestly, this court cannot be persuaded by this method of attack. The presumption accorded the Referee's conclusion cannot be neutralized in this manner.

The petition for review is dismissed.