(52 Misc. Rep. 464)

### STEINHARDT v. NATIONAL PARK BANK OF NEW YORK.

(Supreme Court, Appellate Term. February 4, 1907.)

BANKRUPTCY—PROVABLE CLAIMS—DEBTORS OF BANKRUPT—ACTIONS AGAINST—SET-OFF.

A creditor of a bankrupt, who, when the petition in bankruptcy was filed, held certain demand notes of the bankrupt secured by collaterals, could not, where he delayed converting the securities into cash until they had so depreciated as to be inadequate to pay the notes, claim the difference between the value of the securities and the amount of his notes against the bankrupt's estate; and hence, under Bankr. Act July 1, 1898, c. 541, § 68b, 30 Stat. 565 [U. S. Comp St. 1901, p. 3450], providing that a set-off shall not be allowed in favor of any debtor of a bankrupt which is not provable against the estate, he could not urge it as a set-off in an action by the trustee in bankruptcy on a debt owing the bankrupt's estate.

Dayton, J., dissenting.

Appeal from City Court of New York.

Action by Samuel C. Steinhardt, as trustee in bankruptcy of William Cossit Cone, against the National Park Bank of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Louis F. Doyle, for appellant.
Robert C. Durland, for respondent.

BLANCHARD, J. When the petition in bankruptcy was filed against the bankrupt, whose trustee is the plaintiff herein, the defendant owed the bankrupt $491.50 on a deposit account. The defendant also held demand notes of the bankrupt to the amount of $8,160, secured by stock at that time worth $10,013.75. About 17 months later the defendant sold the stock held as security, pursuant to the terms of the demand notes, for $7,007.50. The present action was brought about 7 months after the petition in bankruptcy was filed for the recovery of the amount of the deposit account. The defendant in its answer pleaded as set-off the debt stated by the demand notes.

Section 68b of the bankruptcy act (Act July 1, 1898, c. 541, 30

Stat. 565 [U. S. Comp. St. 1901, p. 3450]) provides that a set-off "shall not be allowed in favor of any debtor of the bankrupt which is not provable against the estate." The time at which the alleged set-off shall be considered, with a view of determining whether the claim is provable against the estate, is the time of filing the petition. In re Garlington (D. C.) 8 Am. Bankr. Rep. 602, 115 Fed. 999; In re Adams (D. C.) 12 Am. Bankr. Rep. 368, 130 Fed. 381; In re Burgham (D. C.) 2 Am. Bankr. Rep. 223, 94 Fed. 796. Considering the alleged set-off as at the time of filing the petition, it is to be noted that the security then exceeded in value the amount of the claim. Section 57e of the bankruptcy act (30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) provides that, for the purpose of participation in creditors' meetings, a secured claim "shall be allowed for such sums only as to the court seems to be owing over and above the value of the securities." Although section 57h provides that the value of such securities may be determined "by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors," it cannot be contended, in view of the authorities above cited and the obvious justice of the situation, that a secured creditor should be allowed to delay converting securities, which were ample security for the claim when the petition was filed, until 17 months later, when they had so depreciated as to be inadequate. The alleged set-off must be regarded as not a provable claim, and accordingly the judgment for the plaintiff must be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

DAYTON, J. (dissenting). Action by a trustee in bankruptcy to recover $491.50 standing to the credit of the bankrupt in his deposit account with the defendant. The answer admits an indebtedness in said sum as a balance upon said deposit account, subject to the set-off arising out of the mutual debits and credits between said bankrupt and the defendant upon said deposit account and out of loans and advances made by defendant to said bankrupt, leaving a balance due defendant of $7,668.50. Between April 8, 1902, and February 7, 1903, the defendant loaned to Cone (the bankrupt) $36,000 on collateral. His account with defendant was credited with the proceeds of the loans, which were made upon collateral notes giving to defendant the right to sell the collateral without demand or notice at public or private sale. Cone was adjudicated a bankrupt May 8, 1903, and plaintiff qualified as his trustee September 21, 1903, and brought this action November 25, 1903. Defendant sold said collateral during October, 1904, for a sum less than the full amount due upon said notes. I do not understand that Cone's bankruptcy changed the contract rights of the defendant. The trustee of the creditors of Cone made no demand for a sale of the securities, nor was any effort made by them to force an adjustment of this debit and credit account, while it appears in evidence that defendant on October 26, 1903, offered to turn over the securities on payment of the amount due on the notes. This action was litigated to determine whether, on the account between Cone and the bank,

$491.50 was due plaintiff. The proof shows the balance to be the other way. There are no allegations of fraud or wrongdoing on the part of the defendant. On the record it seems to me that the provableness of defendant's claim in bankruptcy was not an issue in the case.

The judgment should be reversed, with costs to appellant to abide the event.