### In re MICHAELIS & LINDEMAN.

(District Court, S. D. New York. January, 1912.)

1. BANKRUPTCY (§§ 116, 288*)—POWERS OF COURT OF BANKRUPTCY—ADVERSE CLAIMS.

A court of bankruptcy may by a summary order require a person in possession to turn over property to a receiver or trustee, although held under a claim of title, where such title depends on a question of law and not of fact.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. §§ 116, 288.*]

2. BANKRUPTCY (§ 326*)—"SET-OFF"—DEPOSITS IN BANK MADE AFTER FILING OF PETITION.

The mutual accounts between a bankrupt and his bank of deposit are closed by operation of law at the time the petition in bankruptcy is filed, and no right of "set-off," under Bankruptcy Act July 1, 1898, c. 541, § 68a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), exists in the bank as to deposits made after that time, even though neither party knew of the filing of the petition when the deposit was made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*

For other definitions, see Words and Phrases, vol. 7, pp. 6439–6444; vol. 8, pp. 7798, 7799.]

In the matter of Michaelis & Lindeman, bankrupts. On motion by receiver for an order against the American Exchange National Bank. Motion granted.

Motion to compel the American Exchange National Bank to pay to the receiver in bankruptcy herein the sum of $380.89, less collection charges (i. e., net $380.08), being the amount of a deposit made in the bank by the bankrupts after an involuntary petition filed against them and at a time when neither the bankrupts nor the bank knew of the pendency of the petition.

These facts are admitted, but at the time of petition filed and deposit made the bankrupts were indebted to the bank in a much larger sum than the amount of the said deposit; wherefore the bank declined payment by reason

of its asserted right to set-off and counterclaim its demand against the deposit aforesaid.

Robert P. Levis, for receiver.
Cardozo & Nathan, for bankrupts.
Raymond Rubenstein, for American Exchange Bank.

HOUGH, District Judge (after stating the facts as above). This motion requires a somewhat novel application of what I think are elementary principles. It may be assumed, as stated in Re Zotti (C. C. A. 2d Cir.) 26 Am. Bankr. Rep. 234, 186 Fed. 84, 108 C. C. A. 196, that the receiver in bankrupcty is but a custodian without title for the purpose of preservation and not for the purpose of distribution of the estate. Nevertheless he is entitled to take custody of whatever is plainly the property of the bankrupt and against which no third party makes any claim with color of title.

[1] It may also be admitted that there is no power in the court by summary order to divest third party of any title (even a fraudulent one) asserted by him against the bankrupt or his trustee. But this does not prevent the entry of a summary order where the only title set up rests, not upon any matter of fact, but upon a statement of law.

It is also true in this case that, although no trustee has as yet been elected or appointed, adjudication has been entered, and the bankrupts are divested of title.

[2] The sole question, therefore, raised by this motion, is whether as matter of law, under the admitted facts of the case, the bank is entitled to retain this money, not because it has title thereto, nor because it owes it to the bankrupts and not to the receiver, but because it is a case of set-off within section 68a of the act.

Admittedly there must come a time as of which claims against a bankrupt's estate are to be liquidated and stated. This is just as true when there is a set-off or counterclaim concerned as when there is none, and this time has been fixed as the date of filing petition. Sexton v. Dreyfus, 219 U. S. 339, 31 Sup. Ct. 256, 55 L. Ed. 244, 25 Am. Bankr. Rep. 363, and Steinhardt v. National Park Bank, 18 Am. Bankr. Rep. 86, 52 Misc. Rep. 464, 102 N. Y. Supp. 546.

Section 68 requires that, in all cases of mutual debts or credits between the estate of a bankrupt and a creditor, the "account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid." The statutory direction that the account shall be stated implies that there must be a time when the statement is to be made, and when a final statement of an account is made the account is closed and all mutuality ceases, for the account becomes a statement of balance. In my opinion, therefore, the mutual account between these bankrupts and their bank of deposit was closed by operation of law the moment petition was filed, and any money thereafter intrusted by the bankrupts to the bank was like a deposit with another person and not subject to any set-off existing before petition.

I think this result necessarily flows from the cases cited, of which the Steinhardt decision quite closely resembles the present matter.

Nor is anything found inconsistent with this ruling in Re Zotti, supra, for there the courts held that equity would not permit one who had done an apparently lawful act to be injured when he had no notice of changed conditions; but from that holding it does not follow that one may derive an advantage from receiving money without knowledge of a prior attachment—as an involuntary petition in bankruptcy has been called.

If the position of the bank be examined further, it is apparent that the legal basis for it is the idea that, since there is no change of title until adjudication, the deposit was not only made by the bankrupts, but on behalf of the bankrupts, and was subject to all existing rights of claim against the bankrupts.

On this basis the same lack of title continues during the contest over the involuntary petition, and may extend to months, and the bank must, accordingly, claim a legal right to continue to pile up claims against the alleged bankrupts down to adjudication, and then to settle them without any reference to the date of filing the petition.

To do this would be in the face of the cases cited, and the opportunities for injuring creditors which such a doctrine would put in the hands of unscrupulous alleged bankrupts is a matter which need not be dwelt upon.

The motion is granted.