### CITIZENS' UNION NAT. BANK v. JOHNSON.

### In re KENTUCKY AUTOMOTIVE CO.

(Circuit Court of Appeals, Sixth Circuit. February 16, 1923.)

No. 3718.

Bankruptcy ⬤=117(2)—Bank paying bankrupt's check without notice after filing of petition not liable.

> A banker who, after the filing of a petition in bankruptcy but before adjudication, in good faith and without knowledge or notice of the bankruptcy, pays the bankrupt's checks in the regular course of business, is not liable to the trustee for the amounts so paid.

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Suit between the Citizens' Union National Bank and C. W. Johnson, trustee of the Kentucky Automotive Company, Bankrupt. From an order requiring the bank to pay moneys to the trustee, the bank appeals. Reversed and remanded.

Leo T. Wolford, of Louisville, Ky. (Wm. Marshall Bullitt and Bruce Bullitt & Gordon, all of Louisville, Ky., on the brief), for appellant.

Benjamin S. Washer, of Louisville, Ky. (Emile Steinfeld, of Louisville, Ky., on the brief), for appellee.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. The sole question presented is whether a bank which between the filing of petition for adjudication of bankruptcy and actual adjudication received deposits from the bankrupt to the credit of the latter's checking account and made payment therefrom to third parties upon depositors' checks, but without knowledge or notice of the pendency of bankruptcy proceedings, is liable to the trustee in bankruptcy for the payments so made. No receiver had been appointed and no question of preference under section 60 of the act (Comp. St. § 9644) is involved.

The District Court was of opinion that the bank was so liable, basing its conclusion on the decision of this court in Toof v. City National Bank, 206 Fed. 250, 124 C. C. A. 118. The District Court was in error in so construing the opinion in that case. The Toof Case did not involve the question of good-faith payments by the bank to third persons, but only the bank's right to apply deposits upon its note against the depositor by way of set-off. We held (following Bank v. Massey, 192 U. S. 138, 146, 24 Sup. Ct. 199, 48 L. Ed. 380, and Studley v. Bank, 229 U. S. 523, 527, 33 Sup. Ct. 806, 57 L. Ed. 1313) that the bank had the right of set-off as to the existing deposit balance when the petition in bankruptcy was filed. We further held that the right of set-off did not extend to subsequent deposits.

We think a conclusion that the bank is liable for payments made to third parties in good faith and in ignorance of the bankruptcy proceedings is not well founded. Its effect would be that the bank could not protect itself against liability to a trustee in bankruptcy subsequently appointed on account of payments made in good faith and in the regular course of business and in ignorance of the bankruptcy proceedings— except through the impossible course of keeping itself advised, not only daily, but momentarily, of the filing of petitions for adjudication of bankruptcy against its depositors in any competent jurisdiction. In our opinion the bankruptcy works no such result. True, broadly speaking the adjudication when made relates back to the commencement of bankruptcy proceedings for the purpose of adjudicating rights and equities generally. Acme Co. v. Beekman Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208; Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Toof v. Bank, supra. But we think that both on principle and authority the rule referred to does not make the banker liable for good-faith payments to third persons made before adjudication upon depositors' checks in the regular course of business and without knowledge or notice of bankruptcy. In re Zotti (C. C. A. 2) 186 Fed. 84, 108 C. C. A. 196, Ann. Cas. 1914A, 240, certiorari denied 223 U. S. 718, 32 Sup. Ct. 522, 50 L. Ed. 628; and see Johnson v. Collier, 222 U. S. 538, 32 Sup. Ct. 104, 56 L. Ed. 306; In re Perpall (C. C. A. 2) 271 Fed. 466, 468. For its general bearing, see Frederick v. Fidelity Mutual Life Ins. Co., 256 U. S. 395, 398, 41 Sup. Ct. 503, 65 L. Ed. 1009.

The order of the District Court is reversed so far as it required the bank to repay to the trustee in bankruptcy any sum beyond the moneys

received on deposit by the bank after bankruptcy proceedings were begun and which were applied by the bank upon its own note against the bankrupt, and the record remanded for further proceedings not inconsistent with this opinion. Appellant will recover its costs of this court.