## RUPP v. COMMERCE GUARDIAN TRUST & SAVINGS BANK.

Circuit Court of Appeals, Sixth Circuit.
April 5, 1929.

No. 5097.

Stuart S. Wall, of Toledo, Ohio (Denman, Miller & Wall, of Toledo, Ohio, on the brief), for appellant.

Donald F. Melhorn, of Toledo, Ohio (Marshall, Melhorn, Marlar & Martin, of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, MACK, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. On April 26, 1926, the Lake Erie Milling Company was indebted to appellee on promissory notes in the sum of $18,000. None of these notes was due. One of them had been recently renewed upon assurance by the milling company that it would use the insurance which it had received for the destruction of its plant for rebuilding and re-establishing its business. Appellee learned that the company was diverting this fund to other purposes, and on the morning of April 26th applied a checking balance of $3,559.36, which the company then had in appellee's bank, to the note which it had recently renewed for the company upon the assurance referred to. Later in the day the milling company deposited $1,274.08 with the bank, which the bank at once applied to the note in question, and the following day, on April 27th, it deposited $720 with the bank, which the bank applied to one of the other notes which it held. The milling company was wholly insolvent at this time. Ten days later it was adjudged a bankrupt, and the trustee brought this suit against the bank to recover as an unlawful preference the three amounts that the bank received.

The checking balance, which was first applied to the indebtedness, must be treated separately from the two later applications. This balance was accumulated in the bank in the usual course of business and was not built up or deposited for the purpose of giving a preference to the bank. At the time it was applied to the indebtedness of the milling company that company was insolvent. We have no doubt of the right of the bank to

make the application upon that basis. New York County National Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380; Studley v. Boylston National Bank of Boston, 229 U. S. 523, 33 S. Ct. 806, 57 L. Ed. 1313; Fourth Nat. Bank of Wichita, Kan., v. Smith (C. C. A.) 240 F. 19. And it was immaterial to the existence of this right that the debts were not due, as under section 68a of the Bankruptcy Act (11 USCA § 108(a) the right of set-off is preserved as to provable debts, whether due or not. Germania Sav. Bank Trust Co. v. Loeb (6 C. C. A.) 188 F. 285.

The other two sums were paid in after the bank account had been closed by the application of the balance existing on the morning of April 26th. They were not accepted by appellee for deposit, but were taken by it—regardless of the purpose of the bankrupt—with the intention of applying them to the indebtedness of the bankrupt. A bank cannot accept funds offered for deposit, and claim the rights attaching to them as such, when they were in fact accepted for and were immediately applied to a wholly different purpose. Under such circumstances they take on the characteristics of the thing for which they were used. As to these two items, therefore, the trustee should have recovered.

The decree is reversed, and the cause remanded for a new decree consistent herewith.