### McGUIGAN v. DIME BANK TITLE & TRUST CO.

### In re WHITENIGHT'S, Inc.

No. 2502.

District Court, M. D. Pennsylvania.
March 9, 1931.

Robert J. Doran, of Wilkes Barre, Pa., and John H. Bigelow, of Hazleton, Pa., for plaintiff.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., and John R. Hessel, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

This is a suit in assumpsit. The plaintiff has filed a statement of claim, the defendant has filed an affidavit of defense, and, without answering the averments of fact in the statement of claim, has raised questions of law, which questions of law so raised have been heard, and the matter is now before the court for disposition.

The suit is by the plaintiff as trustee in bankruptcy of Whitenight's, Inc., and is brought to recover the sum of $38,994.09, with interest, which amount was set off by the defendant, Dime Bank Title & Trust Company, from deposits made in the bank by the Whitenight's, Inc., against a debt of that amount due the bank from Whitenight's, Inc. The deposits to the credit of Whitenight's, Inc., are alleged to have been made within four months of the filing of the petition in bankruptcy at a time when the bank knew that Whitenight's, Inc., was insolvent, and that such a set-off constitutes a preference which may be recovered by the trustee under the Bankruptcy Act and its amendments.

The statement of claim contains averments in paragraphs 1, 2, 3, 4, 5, and 7, which need not be considered in the disposition of the matter now before the court. Paragraphs 9 and 10 contain legal conclusions, and for other reasons need not be considered by the court in the disposition of the matter now before it.

The important averments are contained in paragraphs 6 and 8 of the plaintiff's statement of claim, and read as follows:

"(6). That within a period of four months before the date of filing said petition in Bankruptcy against the said Whitenight's, Inc. and to wit, on the 24th day of April, 1929, the said Whitenight's Inc. deposited with the said Dime Bank Title & Trust Company certain sums of money in cash, aggregating the sum of $38,994.09 which, upon said date and within the period of four months aforesaid, the said Dime Bank Title & Trust Company appropriated to its own use."

"(8). That the said Dime Bank Title & Trust Company, being a depositary of the said Whitenight's Inc. did receive deposits from the said Whitenight's Inc. during the period from September 27th, 1927, until the time of the adjudication in Bankruptcy entered against the said Whitenight's Inc.; that within a period of four months prior to the filing of said petition in bankruptcy, the said defendant did decline and refuse to honor and pay various checks drawn in the ordinary course of business unto other creditors of the said Whitenight's Inc.; that the said defendant did so contrive that said deposits thus made within said period of four months should be accumulated and applied unto the payment of its own claim against the said Whitenight's Inc. to the exclusion of other creditors of the latter until such time as the sum of $38,994.09, so accumulated, had been applied by the said defendant to the payment in part of its claim against said Whitenight's Inc.; and that the said application of deposits was made at a time and times when the said defendant was fully aware of the actual insolvency of the said Whitenight's Inc. and had reasonable cause to believe that a preference would thereby be effected in favor of the said defendant to the prejudice of all other unsecured creditors of the said Whitenight's Inc."

In paragraph 6 it is averred that on the 24th day of April, 1929, the Whitenight's, Inc., deposited with the bank $38,994.09, which, on the same date, the bank appropriated to its own use.

In paragraph 8 it is averred that, during the period from September 27, 1927, until the time of the adjudication in bankruptcy, the bankrupt received deposits of the Whitenight's Inc.; that, within a period of four months prior to the filing of the petition in bankruptcy, the bank applied deposits totaling $38,994.09 to the payment in part of its claim against the Whitenight's, Inc.

The averments in paragraph 8 clearly contradict those contained in paragraph 6. It is impossible for the court to tell whether the plaintiff relies upon the averments contained in paragraph 6 or upon those contained in paragraph 8. Both cannot be true.

Paragraph 8 contains the further averment "that the said application of deposits was made at a time and times when the said defendant was fully aware of the actual insolvency of the said Whitenight's, Inc. and had reasonable cause to believe that a preference would thereby be effected in favor of the said defendant to the prejudice of all other unsecured creditors of the said Whitenight's, Inc."

In disposing of the question now before the court, it makes no difference in principle whether we consider the averments contained

in paragraph 6 or those contained in paragraph 8. The money was placed in the bank as a bona fide deposit. The depositor, the Whitenight's, Inc., was indebted to the bank, and the bank had the right to set off its debt to the depositor, arising by the deposit, against the debt the depositor owed it, and it makes no difference whether the deposit was one day old or one year old, or whether checks to the order of other creditors had been honored by the bank or not. The bank did only what it had a right to do, and should do.

The Bankruptcy Act contains the following provisions:

"Sec. 68(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

"(b) A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate; or (2) was purchased by or transferred to him after the filing of the petition, or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent, or had committed an act of bankruptcy." 11 USCA § 108.

The right of set-off is given by the Bankruptcy Act itself, and the test in cases where the right of set-off by a bank is questioned is always whether, after insolvency, the money was deposited for the purpose of enabling the bank to secure a preference. If not, the set-off should be made. New York County National Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380. The statement of claim in this case contains no averment to the effect that the deposits were made for the purpose of enabling the bank to secure a preference. Therefore the set-off was properly and legally made, and did not constitute a preference which may be recovered by the trustee.

In Studley, Trustee, v. Boylston National Bank, 229 U. S. 523, page 527, 33 S. Ct. 806, 808, 57 L. Ed. 1313, Mr. Justice Lamar said, in delivering the opinion of the court:

"The money so deposited was the proceeds of the sale of tickets to a large party of round-the-world tourists, and was put in bank, not for the purpose of preferring it, but in the expectation of being used for carrying on the business in the future as in the past. Indeed, the payments were made with the statement that the company would expect the bank to discount other notes. We find nothing in the record to indicate that the deposits were made for the purpose of enabling the bank to secure a preference by the exercise of the right of set-off. The case, therefore, comes directly within the decision in New York County Nat. Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380, where $3,884 deposited by an insolvent customer, in good faith, four days before the filing of the petition against him, was allowed to the bank by way of set-off on notes of the bankrupt held by it."

Under the decision in Studley, Trustee, v. Boylston National Bank, supra, which decision has been consistently followed by the federal courts, the question of law raised by the affidavit of defense in this case must be decided against the plaintiff.

Now, March 9, 1931, the affidavit of defense in lieu of demurrer is sustained, the plaintiff's statement is dismissed, the plaintiff is allowed fifteen days within which to file an amended statement, and on failure so to do judgment will be entered for the defendant on motion.