## CALLAWAY v. WEST PALM BEACH ATLANTIC NAT. BANK.
### No. 7127.

Circuit Court of Appeals, Fifth Circuit.
Feb. 10, 1934.

A. Melrose Lamar, of West Palm Beach, Fla., for appellant.

Loren D. Simon, of West Palm Beach, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal presents the question whether, under the circumstances attending the making and receipt of a deposit made by the bankrupt, its appropriation by the bank against a debt due it effected a preference. These are the facts:

At the close of banking business on March 17, the West Palm Beach Atlantic National Bank and the Florida Embassy Club, a depositor, were mutually indebted. The club owed the bank $2,600, due, as the result of prior extensions March 18. The bank owed the club on general deposit, $494.60. On that day the club made heavy deposits and heavy withdrawals, and that night it closed. Long hopelessly insolvent, it had been tided over and kept open by moneys furnished through one Frank Coburn acting as a sort of trustee in this fashion: Against his checks as trustee, made payable to the Florida Embassy Club and deposited in the bank from time to time to meet them, the club would draw checks to meet its bills. This condition and these facts were on March 17 well known to the president of the bank, and on that day plans were made to assure the application to the indebtedness maturing next day of any deposit the club might make.

On March 18 the club deposited, checking against it as usual, $1,697.26. All of its checks except one for $175 were refused payment because the deposit, together with the balance $399.60 according to plan, had been seized by the bank and applied to the indebtedness of the club. Bankruptcy following within less than four months thereafter, the trustee brought this suit to recover the seized deposit as a preference. He alleged that, though the bankrupt intended the deposit to be one in form and in fact, the bank intended, through the form of deposit and setoff, to take it as a payment; that, to make this intention effective, arrangements were made and directions given which, without subjecting the deposit to the hazard of being checked against or imperiling the certainty of the seizure, would put a legal face on the planned offset; that, however, lying in wait for the deposit to seize it before it could be checked on, the bank had defeated the purpose of the plan by converting into a payment what would otherwise have been a deposit.

The bank joined issue, denying that a preference had been intended or effected, and asserting that nothing had occurred but the offset of one debt against the other, a deposit received in due course against a debt admitted to be due.

The District Judge thought that there was no lying in wait. He found that the deposit was both made and received without any formed design on the part of the bank to seize it, and that no preference was intended or effected.

The record is brief. It mainly consists of the testimony of the bank's president. It was heard orally before the referee in bankruptcy, who, acting as master, took the testimony and reported it with his findings to the judge. These findings were to the effect that the deposit was received by the bank for the purpose of applying it on the indebtedness, and not for deposit in the usual course of business.

We cannot read the record otherwise. We think it makes no case of a deposit and a setoff in the usual course of business, but one of preferential payment. Kane v. First National Bank of El Paso (C. C. A.) 56 F.(2d) 534, 85 A. L. R. 362; McGuigan v. Dime Bank (D. C.) 47 F.(2d) 760; Citizens Na-

tional Bank v. Lineberger (C. C. A.) 45 F. (2d) 522; Rupp v. Commerce Guardian Trust & Savings Bank (C. C. A.) 32 F.(2d) 234.

The insolvency of the club and the bank's knowledge of it stand admitted. The attempted offset, except as to $399.60 balance from the previous day, effected a preference for which the trustee should have had judgment.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.