## In re AMERICAN COILS CO.

### No. 6886.

District Court, D. New Jersey.

Nov. 21, 1947.

Joseph S. Lindabury, of Newark, N. J., for Lincoln Nat. Bank.

Max L. Rosenstein, of Newark, N. J., for debtor, American Coils Co.

SMITH, District Judge.

This is a corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S. C.A. §§ 501–676. The matter is before the Court at this time on the joint petition of the Debtor and the Trustees to compel the Lincoln National Bank of Newark, hereinafter identified as the Bank, to surrender to the Trustees certain funds of the Debtor which were on deposit with the Bank when the petition for reorganization was filed. The Bank has filed an answer in which it admits the essential allegations of the petition, denying others, but disputes the right of the Trustees to the funds, asserting a right of set-off under Section 68, sub. a, of the said Act, 11 U.S.C.A. 108, sub. a.

### Facts

I. It appears from the documentary evidence before the Court, and it is conceded by the parties, that on January 29, 1947, the Bank granted the Debtor a loan in the sum of $100,000. The Debtor executed and delivered to the Bank a note and mortgage, the former as evidence of the debt and the latter as security for the loan, under the express provisions of which the debt was to be liquidated in monthly installments. The monthly installments, except that due on October 31, 1947, four days after the petition for reorganization was filed, were paid regularly.

II. The note contains the following clause: "The Indebtedness shall immediately become due and payable, without notice or demand, * * * upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or *under the provisions of the Bankruptcy Act of 1898,* as amended, or upon the making by the undersigned of an assignment for the benefit of its creditors." (Emphasis by the Court.)

III. The petition for reorganization was filed by the Debtor and approved by the Court on October 27, 1947. The petition disclosed assets of $947,989.24 and liabilities, exclusive of capital stock liability and earned surplus, of $376,800.92. There was then on deposit with the Bank, in the general bank account of the Debtor, the sum of $31,219.23. The Bank, asserting a right to set-off under Section 68, sub. a, of the Bankruptcy Act, supra, applied the full sum on deposit as part payment on the balance due on the loan.

## Discussion

Section 68, sub. a, of the Bankruptcy Act, supra, permits the statement of the account between the estate of a bankrupt and a creditor and the set-off of the mutual debts one against the other. It is well established that a bank deposit made in the usual course of business may, upon the bankruptcy of a depositor, be appropriated by the bank and applied to the payment of a debt due the bank by the depositor. New York County National Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380; Continental & Commercial Trust & Savings Bank v. Chicago Title & Trust Co., 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268; Studley v. Boylston National Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313; Citizens' National Bank of Gastonia v. Lineberger, 4 Cir., 45 F.2d 522; Doggett v. Chelsea Trust Co., 1 Cir., 73 F.2d 614; Widetzky v. Pilgrim Trust Co., 1 Cir., 108 F.2d 647; Cusick v. Second National Bank, 73 App. D.C. 16, 115 F.2d 150; Tyler v. Marine Midland Trust Co. of New York, 2 Cir., 128 F.2d 927; In re Potts, 6 Cir., 142 F.2d 883. The courts of bankruptcy have enforced this right of set-off even where the debt to the bank has not matured. It is clear, however, in the instant case that the liability on the note matured upon the filing of the petition for reorganization.

A corporate reorganization under Chapter X of the Bankruptcy Act, a remedy created by an amendment to the Act and governed by its provisions, is not a bankruptcy proceeding but a special proceeding which has for its object the rehabilitation of the debtor. Lowden v. Northwestern National Bank & Trust Co., 298 U.S. 160, 163, 56 S.Ct. 696, 80 L.Ed. 1114. It differs from a bankruptcy in that it contemplates the conservation of the corporation and the continuity of its business and not a liquidation of the assets. The provisions of Section 68, sub. a, of the Act may not be invoked if its application will defeat the ultimate object of the proceeding. Cf. Lowden v. Northwestern National Bank & Trust Co., 8 Cir., 84 F.2d 847.

A corporate reorganization is governed exclusively by Chapter X of the Act, Section 200 of which, 11 U.S.C.A. § 600, expressly provides: *"Where not inconsistent with the provisions of this chapter,* the rights, duties, and liabilities of creditors and of all other persons with respect to the property of the debtor shall be the same, before approval of the petition, as in a bankruptcy proceeding before adjudication and, upon the approval of the petition, as in a bankruptcy proceeding upon adjudication." (Emphasis by the Court.) This section, which is clearly determinative of "the rights of creditors and of all other persons with respect to the property of the debtor," limits the application of the general provisions of the Bankruptcy Act, including 68, sub. a, thereof.

The continuity of a business pending reorganization is obviously essential to the accomplishment of the object of a proceeding under Chapter X of the Act. This continuity is decidedly advantageous, except where bankruptcy ultimately results, not only to the debtor but also to the creditors. It seems apparent that the continuity of business and the rehabilitation of a corporation, the ultimate object of the proceeding, would be seriously impeded, if not de-

726

feated, if a bank were permitted to appropriate the funds on deposit in a general bank account to the payment of a debt. It is our opinion that the recognized principles of equity prohibit the allowance of a right of set-off in a corporate reorganization where, as here, the debt is adequately secured and there is no proof that the debtor is insolvent.

### Conclusion

The right of set-off asserted by the Bank will not be allowed for the reasons herein expressed. The Bank will be required to surrender the funds on deposit, when the petition for reorganization was filed, to the Trustee.