## In re MERCHANDISE MART OF COLUMBIA.

### No. B/4397.

United States District Court
E. D. South Carolina
Columbia Division.

Sept. 15, 1948.

Fred D. Townsend, of Columbia, S. C., for petitioner, Citizens & Southern Nat. Bank of Columbia.

Hunter A. Gibbes, of Columbia, S. C., for trustee.

WYCHE, District Judge.

The above matter is before me upon the petitions of the Citizens and Southern National Bank, and the Trustee in Bankruptcy, for the above bankrupt, for review of the Order of the Referee in Bankruptcy adjudicating a question of set-off of a deposit of the bankrupt in the Citizens and Southern National Bank against an indebtedness of the bankrupt to the bank.

The facts certified by the Referee are as follows: Under date March 18, 1947, the bank made a loan of $5,000 to the bankrupt Merchandise Mart for which amount the said Merchandise Mart executed and delivered its negotiable promissory note payable May 27, 1947. Said note was not paid at maturity and thereafter the following payments were made: June 6, 1947—$1,200, June 12, 1947—$800, and on June 27 the bank charged $754.02 to the deposit account and credited the same on the unpaid balance of said note, so that if the off-set be allowed there remains due and owing upon said note the sum of $2,-245.98.

For some time prior to filing of petition and adjudication of bankruptcy, Merchandise Mart had maintained a general account with the bank. Deposits and withdrawals were made in the usual course of business against this account and nothing was done to build up the account in order to prefer the bank over other creditors.

On June 18, 1947, petition in bankruptcy was filed by certain creditors against Merchandise Mart. Order of adjudication was issued on July 3, 1947.

 On June 18, 1947, there was a balance of $1,081.47 in the general checking account of Merchandise Mart. Subsequent to that date deposits and withdrawals were made in the usual course of business until adjudication of bankruptcy. On June 27, when the purported off-set was made by the bank, there was a balance of $889.42. It cannot be doubted that, except under special circumstances or where there is a statute to the contrary, a deposit in a general account creates the relation of debtor and creditor, as in the case here.

From the bankrupt records, it appears that, for the period June 18, to June 27, inclusive, deposits in the total amount of $590.25 were made. Withdrawals in the usual course of business, excluding the attempted set-off by the bank, total $769.13. Thus there was "in the hands of the bankrupt" on June 27 in "Old Money", that is money which was on deposit prior to the date petition was filed, the sum of $312.34.

 There is nothing in the record to indicate that the bank had actual knowledge of the filing of the petition when it honored the checks drawn upon the bank account of the bankrupt after the filing of the petition. The Referee in his Order says: "The bank has raised the point that it did not have actual notice of the filing of the petition. Under the decisions, it appears that the filing of the petition is constructive notice as stated in the case of May v. Henderson 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870, the filing of the petition is a 'caveat to all the world'." The attorney for the bank at the hearing before me stated (and his statement was not questioned at that time): "There is only one thing that the Referee did not make specific mention of, and that is that the bank had no actual knowledge of the filing of the petition of bankruptcy until the date that they charged the account with this seven hundred and some odd dollars, and applied it on the note due by the bankrupt. That's the date that they first knew of the filing of the petition of bankruptcy." It is difficult for me to conceive that the bank would thus honor checks with actual notice of filing of petition in bankruptcy, especially when the bankrupt was at that time indebted to it in the sum of $3,000.

From the foregoing facts the Referee, relying upon the case of In re Hotel Martin Co. of Utica, 2 Cir., 83 F.2d 231, concluded that under, what is called the "first in, first out" rule the bank was entitled to a set-off of $312.34.

The bank contends that it "is entitled to set-off the sum of $754.02, standing to the credit of Merchandise Mart on June 27, 1947, against the unpaid balance due upon the promissory note of Merchandise Mart which became due and payable May 27, 1947, prior to the filing of the petition in bankruptcy, and that the Order of the Referee should be modified accordingly."

The trustee contends "that under the terms of the Bankruptcy Act all moneys and other assets owned by the bankrupt on the date of filing the petition, June 18, 1947, and thereafter automatically became the property of trustee for the benefit of all creditors. * * * that commencing with June 18, 1947, no right of set off existed in favor of the bank, and all of the money, $889.42, should be paid to him (trustee)."

■ The property which vests in the trustee upon adjudication is that which the bankrupt owned at the time of the filing of the petition. The purpose of the law is to fix "the line of cleavage" with reference to the condition of the bankrupt estate as of the time at which the petition was filed. Everett v. Judson, 228 U.S. 474, 479, 33 S. Ct. 568, 57 L.Ed. 927, 46 L.R.A., N.S., 154. Provable debts are those owing when the petition is filed. Section 63, Bankruptcy Act, 11 U.S.C.A. § 103. The discharge, when granted, relates to the filing of the petition, and an obligation incurred afterwards but before discharge, is not included in it. Zavelo v. Reeves, 227 U.S. 625, 33 S. Ct. 365, 57 L.Ed. 676, Ann.Cas.1914D, 664.

■ The filing of the petition is "a caveat" to all the world and in fact an attachment and an injunction. May v. Henderson, 268 U.S. 111, 117, 45 S.Ct. 456, 69 L.Ed. 870; Mueller v. Nugent, 184 U.S. 1, 14, 22 S.Ct. 269, 46 L.Ed. 405. While it does not divest the bankrupt of title to his property, it constitutes him in effect a trustee for the benefit of his creditors from that time until adjudication, when adjudication follows. The estate is considered as in custodia legis from the filing of the petition. Acme Harvester Co. v. Beckman Lumber Co., 222 U.S. 300, 307, 32 S.Ct. 96, 56 L.Ed. 208.

Section 68 of the Bankruptcy Act is as follows: "§ 108. Set-offs and counterclaims. a. In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

It will be observed that this section provides for set-offs in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor. It says the account *shall be stated and one debt shall be set off against the other,* and the *balance only* shall be allowed or paid. Subdivision b, 11 U.S.C.A. § 108, sub. b, imposes certain specific limitations, which do not affect the issues involved in this controversy.

■ The section recognizes the existence of the right of set-off and provides a method by which it can be enforced, even after bankruptcy. It may be exercised by the parties before the petition is filed. If it is not, then, "under command of the statute", it must be done by the trustee. Studley v. Boylston Nat. Bank of Boston, 229 U. S. 523, 33 S.Ct. 806, 808, 57 L.Ed. 1313; In re Montgomery Bros., D.C., 51 F.2d 284; In re Cross, 2 Cir., 273 F. 39. A deposit of money upon general account with a bank creates the relation of debtor and creditor. New York County National Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380. Thus where a bank receives deposits in the regular course of business, which are subject to withdrawals by check, and there is no collusion or fraud, and no showing by the trustee that the balance was built up for the purpose of giving the bank a preference, and where the depositor is indebted to the bank by note, the bank has the right when the note is due, to set off the amount due to the bank on the note against the amount due from it on the deposit account. In re Cross, 2 Cir., 273 F. 39; In re Ulen & Co., D.C., 46 F.Supp. 437, 439; Bankruptcy Act, Sections 1 (11), 63, sub. a(1), 68, sub. a, 11 U.S.C.A. §§ 1 (11), 103, sub. a(1), 108, sub. a; New York County Nat. Bank v. Massey, supra; Studley v. Boylston Nat. Bank, supra; Scammon v. Kimball, 92 U.S. 362, 23 L.Ed. 483; In re Philip Semmer Glass Co., 2 Cir., 135 F. 77, appeal dismissed; Conboy v. First Nat.

Bank of Jersey City, 203 U.S. 141, 27 S.Ct. 50, 51 L.Ed. 128; Doggett v. Chelsea Trust Company, 1 Cir., 73 F.2d 614; Fourth National Bank of Wichita, Kan. v. Smith, 8 Cir., 240 F. 19; Rupp v. Commerce Guardian Trust & Savings Bank, 6 Cir., 32 F.2d 234.

■ This right exists, even though the depositor is insolvent when the note becomes due, and such insolvency is known to the bank. Continental & Commercial Trust & Savings Bank v. Chicago Title Co., 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268; New York County National Bank v. Massey, supra.

Section 68 did not create the right of set-off, but protected it "if the petition is filed before the parties have themselves" exercised it. Studley v. Boylston National Bank, supra. [229 U.S. 523, 33 S.Ct. 808]

■ The filing of the petition is "the crucial time" in bankruptcy proceedings provided adjudication follows. Section 1 (13)[1]; Sexton v. Dreyfus, 219 U.S. 339, 345, 31 S.Ct. 256, 55 L.Ed. 244. A bank has the right of set-off as to the existing deposit balance when the petition in bankruptcy is filed. Citizens' Union Nat. Bank v. Johnson, 6 Cir., 286 F. 527, 31 A.L.R. 255.

In the leading case of In re Michaelis & Lindeman, D.C., 196 F. 718, 719 the Court said: "Admittedly there must come a time as of which claims against a bankrupt's estate are to be liquidated and stated. This is just as true when there is a set-off or counterclaim concerned as when there is none, and this time has been fixed as the date of filing petition. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244, 25 Am.Bankr.Rep. 363, and Steinhardt v. National Park Bank, 52 Misc. 464, 102 N.Y. S. 546, 18 Am.Bankr.Rep. 86.

"Section 68 requires that, in all cases of mutual debts or credits between the estate of a bankrupt and a creditor, the 'account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.' The statutory direction that the account shall be stated implies that there must be a time when the statement is to be made, and when a final statement of an account is made the account is closed and all mutuality ceases, for the account becomes a statement of balance. * * * the mutual account between these bankrupts and their bank of deposit was closed by operation of law the moment petition was filed, and any money thereafter intrusted by the bankrupts to the bank was like a deposit with another person and not subject to any set-off existing before petition."

It is admitted that, "For some time prior to filing of petition and adjudication of bankruptcy, Merchandise Mart had maintained a general account with the bank. Deposits and withdrawals were made in the usual course of business against this account and nothing was done to build up the account in order to prefer the bank over other creditors."

■ It appears that during the period from June 18, the date petition was filed, and June 27, the date the set-off was made by the bank, withdrawals in the usual course of business, excluding the set-off by the bank, totaled $769.13. These withdrawals were made by the bankrupt's checks in the regular course of business, and when the bank apparently had no actual knowledge or actual notice of the filing of petition in bankruptcy. Under such circumstances it has been held that a banker who, after the filing of a petition in bankruptcy, but before adjudication, in good faith, and without knowledge or notice of the bankruptcy, passes the bankrupt's checks in the regular course of business is not liable to the trustee for the amount so paid. Citizens' Union Nat. Bank v. Johnson, supra; In re Zotti, 2 Cir., 186 F. 84, 108 C.C.A. 196, Ann.Cas. 1914A, 240, certiorari denied 223 U.S. 718, 32 S.Ct. 522, 56 L.Ed. 628; In re Fuller, 2 Cir., 294 F. 71.

■ From the foregoing authorities it would seem to follow logically that wherever a proper set-off is allowable under the statute, it is the duty of the trustee to state the account, and set off one debt

---

[1] "(13) 'Date of bankruptcy', 'time of bankruptcy', 'commencement of proceedings', or 'bankruptcy', with reference to time, shall mean the date when the petition was filed;"

against the other as of the date of the filing of the petition.

The question in the Hotel Martin Case, relied upon by the Referee, was whether a bank may set-off debts owed to it by a corporation against a deposit made by the debtor after the filing, but before the approval, of *a petition for reorganization under Section 77B* of the Bankruptcy Act, 11 U.S.C.A. § 207.

The "first in, first out" rule applied in the Martin Case, has been applied in reorganization proceedings under the Bankruptcy law, but it has never, so far as I have been able to find, been applied in the ordinary bankruptcy case. In fact the Supreme Court in the case of Lowden v. Northwestern National Bank, 298 U.S. 160, 56 S.Ct. 696, 698, 80 L.Ed. 1114, said: "A proceeding to reorganize is not a bankruptcy, though an amendment to the bankruptcy act creates and regulates the remedy. From the fact without more that such a proceeding has been initiated, one cannot know that it will be necessary to have recourse to section 68, 11 U.S.C.A. § 108, which was meant in its enactment to prescribe the rule of set-off *upon a distribution of the assets.* That stage of administration, or the analogous stage of a revision of the debts, may never be attained in a proceeding to reorganize though a petition has been approved and trustees have been appointed." (Emphasis added.)

From the opinion of the Supreme Court in this case it seems that the mere filing of a petition for reorganization which in no sense constitutes an admission of insolvency, gives to a bank no right of set-off, and that, for that purpose, it could not regard the petition, under the circumstances, as the equivalent of a voluntary petition in bankruptcy. For the purpose of set-off, it would be inconsistent with the provisions of section 77, 11 U.S.C.A. § 205, to treat a debtor in reorganization proceedings as a voluntary bankrupt, unless it appears that insolvency actually existed and that liquidation and distribution of assets, rather than reorganization and rehabilitation, was in order. A reorganization proceeding has for its object the rehabilitation of the debtor, it contemplates the conservation of the corporation and a continuation of its business and not a liquidation of its assets. The provisions of section 68 may not be invoked if its application will tend to defeat the purpose of the reorganization proceeding. In re American Coils Co., D.C., 74 F.Supp. 723; Lowden v. Northwestern Nat. Bank & Trust Co., 8 Cir., 84 F.2d 847.

In the case of Tyler v. Marine Midland Trust Co., of New York, 128 F.2d 927, 928, the Circuit Court of Appeals of the Second Circuit had before it for consideration the question whether a creditor holding an unmatured note may exercise a right of set-off while the debtor is in a proceeding for an arrangement, Bankruptcy Act, Chapter XI, 11 U.S.C.A. § 701 et seq., and if so, whether the validity of the set-off is affected by a dismissal of this proceeding followed immediately by a proceeding for reorganization, Bankruptcy Act, Chapter X, 11 U.S.C.A. § 501, et seq. In a preliminary discussion of the question the Court said: "In *ordinary bankruptcy*, a bank may ordinarily set off a deposit against even an unmatured indebtedness if it is done after the petition is filed and without fraud or collusion for purposes of effecting a preference. New York County Nat. Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380; Studley v. Boylston Nat. Bank of Boston, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313. Stated in terms of the Bankruptcy Act, § 68, 11 U.S.C.A. § 108, allows a set-off of all mutual debts and credits, provided the credits are provable and not subject to disallowance under § 57, sub. g, 11 U.S.C.A. § 93, sub. g, because of a preference. Under § 63, sub. a(1), 11 U.S.C.A. § 103, sub. a(1), the trust company had a provable claim. Therefore, *were this ordinary bankruptcy, no question of the propriety of the setoff would arise.*" (Emphasis added) See also, In re American Coils Co., supra.

I can see no reason for applying the "first in, first out" rule in an ordinary bankruptcy case.

For the foregoing reasons, it would ordinarily follow that the trustee should state the account and set-off the debt of the bank to the bankrupt as of June 18, 1947, in the amount of $1,081.47,

against the debt of the bankrupt to the bank as of June 18, 1947, in the amount of $3,000 and that the Referee should allow a claim of the bank against the bankrupt estate for the balance, but the bank contends that it "is entitled to set-off the sum of $754.02, standing to the credit of Merchandise Mart on June 27, 1947, against the unpaid balance due upon the promissory note of Merchandise Mart which became due and payable May 27, 1947, prior to the filing of the petition in bankruptcy, and that the Order of the Referee should be modified accordingly."

The certificate of the Referee discloses that after the petition was filed deposits in the sum of $590.25 were made by the bankrupt into its bank account at the bank, and that withdrawals, exclusive of the attempted set-off, amounted to $769.13, leaving a balance of $312.34 of the amount on deposit at the time the petition was filed.

 After the filing of the petition sums deposited with the bank by the bankrupt may not be set-off against the bankrupt's indebtedness to the bank. Matter of Montgomery Bros., D.C., Miss. 51 F.2d 284, 18 Am.Bankr.Rep., N.S., 221; Toof v. City National Bank, 6 Cir., 206 F. 250, 30 Am.Bankr.Rep. 79; In re Michaelis & Lindeman, D.C.N.Y., 196 F. 718, 27 Am. Bankr.Rep. 299; Reed v. Barnett Nat. Bank, 5 Cir., 250 F. 983, 41 Am.Bankr. Rep. 419; Citizens' Union Nat. Bank v. Johnson, 6 Cir., 286 F. 527, 31 A.L.R. 255, 2 Am.Bankr.Rep., N.S., 927; Collier on Bankruptcy (14th Ed.) page 772. Therefore, the sum of $590.25, deposited after the filing of the petition by the bankrupt, may not be set off against the bankrupt's indebtedness to the bank.

The record before me does not disclose whether the bank has filed a claim against the bankrupt for the balance, after deducting its attempted set-off of $754.02; it does not disclose whether the bank proved its claim against the bankrupt for the balance due on the notes, after deducting the attempted set-off of $754.02; it does not disclose in what amount, if any, the bank voted its claim in any meeting of the creditors; it does not disclose what amount, if any, of dividend the bank received on any claim filed by it; and no question of waiver is raised by the exceptions of the trustee. Even though the bank had no right of set-off against the $590.25, deposited after the filing of the petition in bankruptcy, it seems to me that since the bank has claimed the right of set-off *in the amount of $754.02,* that the trustee should state the accounts as of June 18, 1947, the date of the filing of the petition, and allow the bank a set-off of the amount claimed by the bank, $754.02, against the amount on deposit on that date of $1,081.47, and allow the bank a claim against the bankrupt for the balance due on the note. Because the bank is claiming a right of set-off in the sum of only $754.02, I must assume, nothing else appearing, that it waives its right to a set-off of more than that amount. In Matter of Brockton Shoe Mfg. Co., Inc., D.C.Mass., 8 F.Supp. 959, 27 Am.Bankr.Rep., N.S., 264.

Accordingly, the decision of the Referee is modified and the matter again referred to him for further proceeding not inconsistent with this Opinion.