[No. 37840.   Department One.   July 15, 1965.]

SENFOUR INVESTMENT CO., INC., *Respondent,* v. KING COUNTY, *Appellant.**

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellant.

*Croson, Johnson & Wheelon,* by *Robert B. Leslie,* for respondent.

BRADFORD, J.†—In this appeal, there is no dispute as to the facts. Jay G. Larson, acting as trustee in reorganization of the Heart of Seattle Hotel Co., Inc., under chapter 10 of the National Bankruptcy Act in the United States District Court, presented a plan for reorganization which was accepted and approved by the court. All of the petitioner's assets were transferred under this plan to Senfour Investment Co., Inc. The Federal District Court found, in its order approving the plan for reorganization, that the plaintiff corporation had been formed to purchase the assets of the

*Reported in 404 P.2d 760.

†Judge Bradford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

debtor, Heart of Seattle Hotel Co., Inc., and that the debtor was insolvent. The defendant, King County, assessed a tax of $3,000 based on the value of the real property transferred, under RCW 28.45, which tax was paid under protest by Jay G. Larson and his claim was then assigned to the plaintiff. Plaintiff brought this action against the defendant alleging in its complaint "That the sale [of real estate] was pursuant to a plan of liquidation of the Heart of Seattle Hotel" and was immune from taxation under the National Bankruptcy Act. The defendant contends this transaction was an arrangement and is taxable under the terms of Title 28, § 960, amended later to § 670, of the United States Code Annotated.

The trial court held that Jay G. Larson was a liquidating trustee in bankruptcy and § 671 of the United States Code Annotated did not permit the levy of the tax. Judgment was for the plaintiff, permitting recovery of the tax paid under protest.

Section 671, Title 11, U.S.C.A. reads:

Any provision in this chapter to the contrary notwithstanding, all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter and have not been assessed prior to the date of the confirmation of a plan under this chapter, and all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession, shall be assessed against, may be collected from and shall be paid by the debtor or the corporation organized or made use of for effectuating a plan under this chapter: *Provided, however,* That the United States or any State may in writing accept the provisions of any plan dealing with the assumption, settlement, or payment of any such tax.

The original act to establish uniform bankruptcy was passed in 1898. During the depression of the early 1930's, it became apparent many businesses could be saved from liquidation if they were permitted to reorganize their affairs. In 1934, Congress passed the first corporate reorganization provision. The only amendment which has been made

was the Chandler Act of 1938, which added these words: "or any State." There is considerable authority that chapter 10 is a special proceeding, designed for a specific purpose apart from the rest of the bankruptcy act. See Collier on Bankruptcy; Remington on Bankruptcy; and Gerdes on Corporate Reorganization.

██ The fundamental purpose of chapter 10 proceedings is the preservation of the status quo, thereby permitting an occasion for amicable adjustment by debtor and creditors under the supervision of the bankruptcy court, avoiding liquidation with a view to rehabilitation, thus affording an opportunity to plan reorganization without a race between creditors and maintaining at the same time a going concern value for all parties in interest. Remington on Bankruptcy § 4345, p. 13 (rev. ed. 1961); *Case v. Los Angeles Lbr. Products Co.*, 308 U.S. 106, 84 L. Ed. 110, 60 Sup. Ct. 1 (1939); *In re Western Tool & Mfg. Co.*, 142 F.2d 404 (6th Cir. 1944).

A chapter 10 reorganization is not in the true sense a bankruptcy and the corporation is regarded as a going concern, not defunct. *Petition of Portland Elec. Power Co.*, 162 F.2d 618 (9th Cir. 1947); *In re American Coils Co.*, 74 F. Supp. 723 (D.C. N.J. 1947). If, on the other hand, the reorganization plan is not acceptable to the court, the petition may be dismissed or transferred into regular bankruptcy for liquidation. After all, Congress had no intention of providing a haven for corporations which are fit subjects for liquidation by ordinary bankruptcy methods. Collier on Bankruptcy, chapter 15.08 et seq (14th ed.); Remington on Bankruptcy § 4654, p. 486 (rev. ed. 1961); Gerdes on Corporate Reorganization § 1143, p. 1815.

In Senate Report No. 1916 to accompany House Report No. 8046, Revision of the National Bankruptcy Act, 75th Congress 3d Session, 1938, it is said:

[T]he dismissal of the proceedings, or alternatively, the liquidation of the debtor . . . in the event . . . that no plan of reorganization is confirmed and consummated. A prior bankruptcy proceeding is to be continued

from the point where it was stayed by the reorganization proceeding.

This suggests a liquidation-bankruptcy proceeding is different from a chapter 10 reorganization. Also in Senate Report No. 482 to accompany House Report No. 5884, To Amend the Bankruptcy Act—Corporate Reorganization, 73d Congress, 2d Session, 1934, it was said:

> The [reorganization] plan shall provide adequate means for its execution which may include the transfer of all or any part of the property of the debtor to another corporation or to other corporations . . . .

Thus, a sale of all the assets within the plan was contemplated by Congress. Therefore, a total sale does not imply liquidation, as respondent suggests.

It is clear that Congress did not perceive a chapter 10 reorganization and liquidation be the same. It is also clear that a sale of all the assets, as here, is within the Congressional intent. Therefore, respondent's liquidation theories do not apply. Obviously Congress did not intend, under chapter 10 and these circumstances, to exclude the collection of this tax.

The judgment is reversed.

ROSELLINI, C.J., OTT, HUNTER, and HALE, JJ., concur.

---

October 25, 1965. Petition for rehearing denied.